UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MCFARLIN

    Plaintiff,

v.

THE WORD ENTERPRISES, LLC, ET AL.

    Defendants.

Case No. 16-cv-12536

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY CLASS [38]**

**I. INTRODUCTION**

Presently before the Court is Plaintiff's Motion to Certify Class. The plaintiff wishes to add 106 delivery drivers to the class, who were employed by three different Hungry Howie's Pizza stores. For the reasons that follow, the Court will grant Plaintiff's Motion to Certify Class.

**II. FACTUAL BACKGROUND**

Plaintiff Chad McFarlin filed a complaint against The Word Enterprises, LLC et al. on July 6, 2016. *See* Dkt. No. 1. Plaintiff alleges that Defendants paid him below the Federal and Michigan minimum wage during his time as a delivery driver for Hungry Howie's pizza. *Id.* Plaintiff brings the action under the Fair Labor

Standards Act, the Michigan Minimum Wage Law, and the Michigan Workforce Opportunity Wage Act to recover unpaid wages owed to him and similarly situated Hungry Howie's delivery drivers employed by Defendants. *Id.* Defendants filed an answer on August 31, 2016 denying the allegations and asserting affirmative defenses. Dkt. No. 19. Plaintiff and Defendants entered into a stipulation for conditional certification pursuant to 29 U.S.C. § 216(b) on March 21, 2017. Dkt. No. 31. On June 13, 2017, Plaintiff filed a Motion to Certify Class. Dkt. No. 38. Plaintiff moves for class certification of the state minimum wage claims. Dkt. No. 38, pg. 9 (Pg. ID 190). Defendants opposed the motion and filed a response on July 11, 2017. Plaintiff replied on July 31, 2017. Dkt. No. 40.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(a)–(b) contains the requirements for class certification. To be certified, "a proposed class must satisfy all four prerequisites of Rule 23(a) and fall within one of the three types of class actions described in Rule 23(b)." *Bridging Comms. Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016). Rule 23(a) requires "numerosity, commonality, typicality, and adequate representation." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). In addition, Plaintiff asserts that the proposed class meets the requirement of 23(b)(3): questions of law or fact predominate over any questions affecting only

individual members, and a class action is the superior method to bring this action. Dkt. No. 38, pg. 27 (Pg. ID 208).

## IV. DISCUSSION

**Rule 23(a)**

**Numerosity**

To satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541 (6th Cir. 2012). A "substantial" number of affected individuals is enough to satisfy this requirement. *Id.* "Impracticability of joinder must be positively shown, and cannot be speculative." *Id.*

There is no exact number that must be met for a class to be certified. *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 406 (E.D. Mich. 2012). The Sixth Circuit has certified a class with as few as thirty five people. *Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974). This Court and courts in general consider a variety of factors when determining numerosity, including the type of action, the size of the individual claims, the location of the members, and the ability to easily ascertain identities of proposed class members. *See Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 406 (E.D. Mich. 2012); *see also* 7a The Late Charles Alan Wright et al., *Federal Practice and*

*Procedure* § 1762 (3d ed. 2017). However, the Sixth Circuit has held that the "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy [numerosity]." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 5665, 570 (6th Cir. 2004). However, a class is not required to have several hundred members in order for this Court to find numerosity based on numbers alone. *See Davidson v. Henkel Corp.*, 302 F.R.D. 427, 437 (E.D. Mich. 2014) (noting that Sixth Circuit precedent indicates that this Court may, but is not required, to consider other factors when determining numerosity). This Court has held that numerosity was satisfied where there were forty nine class members who were dispersed throughout the United States. *Id.*

In this case, the proposed class members worked for one of three companies that owned a Hungry Howie's Pizza Store: TWE-Perry; TWE Haslett; or TWE St. Johns. Plaintiff contends that the total number of drivers for each company should be combined when considering numerosity. Defendants contend that the Court should view each company separately when determining numerosity, which appears to be similar to treating each company as a sub-class. If the Court combines the drivers for each company, the class will include approximately 106–117 delivery drivers in total. Dkt. No. 38, pg. 23 (Pg. ID 204) (Plaintiff contends the proposed class consists of at least 117 total members); Follman Aff. Ex. 13, at 3 (Defendant contends the proposed class consists of 106 total members). If the

class is divided into subclasses based on the three different companies that the delivery drivers worked for, the sub-class totals are: forty three drivers for TWE-Perry; thirty eight drivers for TWE Haslett; and twenty five drivers for TWE St. Johns. Follman Aff. Ex. 13, at 3.

The Sixth Circuit recognizes the single employer doctrine. Under this doctrine, courts can treat multiple interrelated companies as a single employer. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997). Courts evaluate the following factors to determine interrelatedness: (1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." *Id.* at 994. Here, Plaintiff has demonstrated that each of the companies in question are interrelated enough to constitute a single employer. Each store has common ownership in Mr. Kevin Dittrich, Mr. Dittrich is president of each company, each company has the same area director, and the same two people handle payroll for each company, among other things. Dkt. No. 57, pg. 8 (Pg. ID 1109). Therefore, each company has common management, ownership, and some degree of centralized control of labor relations and personnel.

In addition, district courts have broad discretion to decide whether to divide a class action into subclasses. *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d

347, 355 (6th Cir. 2011). The United States District Court for the Eastern District of Michigan has considered numerosity by dividing proposed classes into subclasses where both parties agreed on the subclasses. *See Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 405–06 (E.D. Mich. 2012) (considering two subclasses of employees—ones who signed a document containing an arbitration agreement and ones who had not signed the document—separately and determining that each sub-class met the numerosity requirement on its own, where one sub-class contained 97 members and the other subclass contained 72 members). The Sixth Circuit has certified sub-classes where each sub-class has been numerous enough on its own. *See Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015) (containing five different classes, and each class consisted of consumers who purchased a particular drug within one of five states over a span of years); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541–42 (6th Cir. 2012) (finding that numerosity was satisfied for each defendant where each sub-class would have between 270–9,000 members). However, precedent does not require the division of this class into subclasses for the numerosity determination. The Court finds that TWE Perry, TWE Haslett, and TWE St. Johns can be treated as a single employer for class certification purposes.

Numerosity is satisfied when the Court considers the proposed class as a whole. Here, there are between 106 and 117 potential class members. As stated

above, this Court is not required to consider any other factors besides numbers when determining numerosity. *Davidson v. Henkel Corp.*, 302 F.R.D. at 437. In this Circuit, precedent is more definite that a class of forty or more members is sufficient to satisfy the numerosity requirement. *Id.* Therefore, the Court finds that numerosity is satisfied.

**Commonality and Typicality**

Commonality and typicality "tend to merge;" both are instrumental in determining if the plaintiff's claims and class claims are sufficiently interrelated and if maintenance of a class action is economical. *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). Commonality requires that there are questions of law or fact common to the class as a whole. *Id.* There need be only one question that is common, but the answer to the question must "resolve an issue that is central to the validity of each [individual] claim[] in one stroke." *Id.* Typicality requires the named plaintiff's claims to be typical of the class members' claims. *Id.*

Defendants in this case claim that commonality is not met because the three different companies that own the Hungry Howie's stores did not have uniform mileage reimbursement policies, and the claims of potential class members are too individualized. Dkt. No. 40, pg. 18 (Pg ID 559).

7

The Sixth Circuit has found commonality where the plaintiffs could identify one common question, despite the fact that there were some unique questions/inquiries for individuals within the class. In *Young v. Nationwide Mutual Insurance Company*, the Sixth Circuit found commonality where the common question was whether the defendants' use of a special coding system could have prevented the plaintiffs' injuries. 693 F.3d 532, 543 (6th Cir. 2012). This was despite the fact that the defendants had some individualized defenses against some of the class members. *Id.*

The Sixth Circuit has also found commonality where the lawsuit arose from the defendant's repeated course of conduct in contaminating a landfill, despite the fact that "[t]he single major issue distinguishing the class members [was] the nature and amount of damages, if any, that each sustained." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988). The Court in *Sterling* noted that "[n]o matter how individualized the issue of damages may be," the determination of damages "may be reserved for individual treatment with the question of liability tried as a class action." *Id.*

The Sixth Circuit has found commonality where the common question was whether there was a design defect in washing machines. *In re Whirlpol Corp. Front-Loading Washer Prods. Liab. Litigation*, 722 F.3d 838, 854 (6th Cir. 2013). This was despite the fact that the washing machines in question were built over a

period of several years and there were twenty one different models of the machines. *Id.* The Court held that the different models of the machines were mostly different in terms of aesthetics, and not design. *Id.*

Based on the above precedent, the fact that there will need to be individualized inquiry in this case as to the amount of damages for each delivery driver is not enough to invalidate commonality.

The next issue is whether there is a question common to the entire class that will advance the litigation for all potential class members. The defendants claim that the three companies do not have a uniform reimbursement policy. Dkt. No. 40, pg. 18 (Pg ID 559). However, a deposition given by Defendant Dittrich indicates that the St. John's and Perry locations have the same payroll practices. Dittrich Dep., pg. 46:2–4. An affidavit by Area Director for Defendants, Michele Follman, suggests that the Haslett and St. John's locations had similar reimbursement policies. *See* Follman Aff. Ex. 13, at 4 (in paragraph ten of Follman's affidavit, she talks about the pay practices of TWE-Haslett and TWE-St. Johns together, suggesting that they had similar pay practices). Michele Follman's affidavit also states that each of the three companies gave delivery drivers all of their cash and credit card tips. *Id.* at 4–5. Plaintiff's claim asserts that Defendants could not pay their delivery drivers all of their tips, but could only credit the amount of the tip credit towards their salary. Dkt. No. 57, pg. 3–4 (Pg. ID 1106–07). Plaintiff's

Exhibit 7 shows the Wage Policy that Defendants used, which states that employees only get paid enough to make the minimum wage salary. This is why the Plaintiff contends that there is no way Defendants could have paid their delivery drivers adequately. *See id.* Therefore, this litigation must determine whether Defendants actually paid their delivery drivers all of their tips, as Defendants claim. This litigation must also determine whether Defendants were legally able to pay delivery drivers all of their tips, which Plaintiff claims Defendants were not. Both of these questions will advance the litigation for the entire class. The Court finds that for this reason, commonality is met.

The Court finds that typicality is met in this case because Mr. McFarlin is alleging underpayment of wages by Defendants, similar to all of the other potential class members.

In conclusion, the Court finds that both commonality and typicality are met.

**Adequate Representation**

The United States Court of Appeal for the Sixth Circuit looks to two criteria to determine the adequacy of representation: "the representative must have common interests with unnamed members of the class; and it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012).

Here, Defendants do not contest that Plaintiff's counsel is not qualified. The Court also finds that the plaintiff, Mr. McFarlin, has common interests with the unnamed members. Plaintiff's Exhibit 28 states that McFarlin was a delivery driver for Hungry Howie's Pizza for over two years, and that the car he used belonged to him and his wife, and paid for with marital funds. Therefore, Mr. McFarlin has common interests with the other class members because of his interest, as a delivery driver, to get reimbursed for the costs he had to personally incur for his vehicle expenses from delivery driving. For these reasons, the Court finds that the adequate representation requirement is met.

**Rule 23(b)(3)**

Plaintiff asserts that the proposed class meets the requirement of 23(b)(3): questions of law or fact predominate over any questions affecting only individual members, and a class action is the superior method to bring this action. Dkt. No. 38, pg. 27 (Pg. ID 208).

**Predominance**

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 544 (6th Cir. 2012). Here, the general

issue of the adequacy of the reimbursement policy/policies maintained by Defendants predominate over individual inquiries. Although the damages for each delivery driver will be an individual determination, the damages arise from a course of conduct that is applicable to the entire class: Defendants' payroll practices. Therefore, the predominance requirement is met.

**Superiority**

The Sixth Circuit considers "the difficulties likely to be encountered in the management of a class action" to determine if a class action is the superior mechanism to bring a lawsuit. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012). If it is not economically feasible to obtain relief with small individual suits, then class actions may be required for the aggrieved to get redress. *Id.* Cases alleging a single course of wrongful conduct are particularly well suited to class certification, but a class action is not superior where many individual inquiries are required. *Id.* Here, Plaintiffs claims arise from the single course of alleged wrongful conduct of Defendants in maintaining an inadequate reimbursement policy or policies. Therefore, a class action is the superior method to bring this lawsuit.

## V. CONCLUSION

For the reasons discussed herein, the Court will grant Plaintiff's Motion to Certify Class.

**IT IS SO ORDERED.**

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2017