# Meetz v. Wis. Hospitality Grp. LLC

United States District Court for the Eastern District of Wisconsin

August 29, 2017, Decided; August 29, 2017, Filed

Case No. 16-C-1313

**Reporter**
2017 U.S. Dist. LEXIS 138380 *; 2017 WL 3736776

WAYNE MEETZ, Plaintiff, v. WISCONSIN HOSPITALITY GROUP LLC, et al., Defendants.

**Counsel:** [*1] For Wayne Meetz, individually and on behalf of all others similarly situated, Plaintiff: Summer H Murshid, Timothy P Maynard, Larry A Johnson, Hawks Quindel SC, Milwaukee, WI.

For Wisconsin Hospitality Group LLC, PH Hospitality Group LLC, d/b/a Pizza Hut, Defendants: Brian C Spahn, Rebeca M Lopez, Godfrey & Kahn SC, Milwaukee, WI; Joshua L Johanningmeier, Godfrey & Kahn SC, Madison, WI.

**Judges:** William C. Griesbach, Chief United States District Judge.

**Opinion by:** William C. Griesbach

# Opinion

### DECISION AND ORDER GRANTING CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL FAIR LABOR STANDARDS ACT PLAINTIFFS

Plaintiff Wayne Meetz brought this action against his employers, Wisconsin Hospitality Group LLC and PH Hospitality Group LLC d/b/a Pizza Hut, on his own behalf and on behalf of other similarly situated pizza delivery drivers, who he claims were subject to a common vehicle expense reimbursement policy that failed to reasonably approximate their actual expenses, resulting in their failure to receive the federal minimum wage in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA). Presently before the Court is Meetz's motion for conditional certification of a collective action and court-facilitated notice to potential [*2] class members. As part of this motion, Meetz requests that this Court appoint his counsel of record as Collective Action Counsel, approve his proposed notice to potential class members, order Defendants to provide Collective Action Counsel with an updated list of potential class members, and establish a deadline for putative class members to opt into this lawsuit. For the reasons that follow, Meetz's motion for conditional certification and court-facilitated notice will be granted.

### BACKGROUND

Defendants operate seventy-three Pizza Hut restaurants across Wisconsin. Weiss Dep. 31:9-13, ECF No. 92-1. PH Hospitality Group owns and operates the individual restaurants, while Wisconsin Hospitality Group provides management services for the franchise group. *Id.* Currently, Defendants jointly employ approximately 550 delivery drivers across the seventy-three restaurants, and they have jointly employed approximately 2,486 drivers since September 30, 2013. Weiss Decl. ¶ 6, ECF No. 101; Weiss Dep. 87-88. Drivers spend the majority of their working time fulfilling customers' delivery orders for pizza and other food items. Weiss Decl. ¶ 7. However, drivers also periodically perform non-delivery tasks, [*3] such as preparing pizzas or serving as host or hostess at the restaurants where they work. *Id.* ¶ 8.

At all restaurants operated by Defendants, a driver's compensation varies throughout each shift depending on whether the driver is performing delivery work or non-delivery work. Most drivers receive a base wage of $7.25 per hour while performing non-delivery work and $5.25 per hour while performing delivery work, and Meetz no longer seeks to include drivers paid at different rates in the proposed class.[1] Weiss Dep. 61:3-

---

[1] During her Rule 30(b)(6) deposition, June Weiss, Vice President of Human Resources for Wisconsin Hospitality Group, explained a handful of exceptions to the otherwise standard base wage policy of $5.25 per hour for delivery work and $7.25 per hour for non-delivery work. Weiss Dep. 63-72, ECF 92-1. To enhance recruiting efforts, some drivers at Milwaukee-area restaurants—specifically, the East Capitol, Midtown, and Silver Spring locations, and possibly the Brown Deer location—received base wages ranging from $5.25 per hour to $9.25 per hour for delivery work and $7.25 per hour to

5. In addition to the base wage, drivers performing delivery work also receive tips, against which Defendants claim a $2 tip credit, and a per delivery reimbursement fee. *Id.* at 71-72, 106. On a single "run" from the restaurant, a driver will make anywhere from one to four deliveries, and drivers receive a reimbursement for each *delivery* that they make. Weiss Decl. ¶ 19. Each store pays a consistent, per delivery reimbursement fee to all of its drivers. Weiss Dep. 110. Although the fee varies between $1 and $2 per delivery, depending on the particular restaurant, the majority of locations pay $1 per delivery. *Id.* at 107-08.

Defendants pay drivers the per delivery reimbursement to defray the costs of **[*4]** operating their delivery vehicles. *Id.* at 105:4-9. Rather than owning and operating a fleet of delivery vehicles, Defendants require drivers to provide their own. *Id.* at 88-89. Each driver must provide a vehicle that complies with safety and maintenance requirements listed in an Employee Handbook provided to drivers at all restaurants operated by Defendants. *Id.* at 46-47; *see also* Employee Handbook 40-41, ECF No. 92-5. After a vehicle safety check, drivers must sign a form acknowledging, "I agree it is solely my responsibility to keep all aspects of my vehicle . . . in good condition in compliance with all laws at all times." Employee Handbook 40. In practice, delivery drivers therefore "incur[] vehicle expenses including fuel, oil changes, brakes/pads, axel, tires, tire rotations, batteries, insurance, registration, and other items necessary to meet Pizza Hut's requirement to maintain the vehicle in clean and good repair." Meetz Decl. ¶ 9, ECF No. 44; *see also, e.g.*, Schuler Decl. ¶ 9, ECF No. 46 (opt-in plaintiff similarly declaring responsibility for vehicle expenses).

Meetz was employed by Defendants as a delivery driver at an Appleton Pizza Hut location between January 26,

---

$8.00 per hour for non-delivery work. *Id.* at 63-67. When one of those restaurants closed, drivers who moved to other restaurants operated by Defendants continued to receive the higher base wage. *Id.* at 66. In light of the different policies at these Milwaukee-area locations, Meetz represents that he is "willing to narrow the proposed collective class to those . . . that have paid . . . employees an in-restaurant wage of $7.25 per hour and a delivery wage of $5.25 per hour thereby excluding the East Capitol, Midtown, and Silver Spring [restaurants] which have been identified as having hourly rates higher than minimum wage." Pl.'s Reply 8, ECF No. 108. Meetz, however, asks that delivery drivers at the Brown Deer restaurant remain in the class at the conditional certification stage so that additional discovery can illuminate the actual pay practices at that location. *Id.* at 8 n.8.

2015, and November 19, 2015. **[*5]** Meetz Decl. ¶¶ 2-3. Meetz filed this lawsuit on his own behalf, and on behalf of all other delivery drivers he alleges to be similarly situated, claiming that Defendants failed to reasonably approximate the drivers' actual vehicle expenses and that the drivers' compensation therefore fell below the federal minimum wage. Compl., ECF No. 1; *see also* Am. Compl., ECF No. 18. Since the filing of the Complaint on September 30, 2016, a net total of 25 opt-in plaintiffs have consented to join this action by filing written consent forms with the Court. *See* ECF Nos. 3-4, 6, 8-9, 13, 17, 27-28, 32-33, 35, 38-40, 97; *see also* ECF Nos. 41, 98. In the motion currently before the Court, Meetz originally asked for conditional certification of the following collective action:

> All persons who have worked as a delivery driver for a Pizza Hut franchise operated by Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a/ Pizza Hut at any time since September 30, 2013.

Pl.'s Mot. for Conditional Certification & Ct. Facilitated Notice 1, ECF No. 43. After briefing on this motion, however, Meetz indicates that he is "willing to narrow the proposed collective class to those . . . that have paid . . . employees **[*6]** an in-restaurant wage of $7.25 per hour and a delivery wage of $5.25 per hour." Pl.'s Reply 8, ECF No. 108.

## ANALYSIS

### I. Conditional Certification

The FLSA permits collective actions "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a typical class action suit under Federal Rule of Civil Procedure 23, in which unwilling plaintiffs must "opt out" of the class, a collective action under Section 216(b) of the FLSA requires employees or former employees to "opt in" to the class by providing written consent to join the collective action. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing differences between Rule 23 class action and FLSA collective action). To implement the opt-in procedure in an FLSA collective action, district courts may, in their discretion, facilitate notice to potential plaintiffs. *See Hoffmann—La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); *Woods*, 686 F.2d at 580.

"The critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006). "Generally, in order to determine whether the representative plaintiff is 'similarly situated' to potential opt-in plaintiffs, **[*7]** this Court follows a two-step certification approach." *Ehmann v. Pierce Mfg., Inc.*, No. 16-CV-247, 2016 U.S. Dist. LEXIS 141894, 2016 WL 5957275, at *2 (E.D. Wis. Oct. 13, 2016) (citing *Adair v. Wis. Bell, Inc.*, No. 08-CV-280, 2008 U.S. Dist. LEXIS 68942, 2008 WL 4224360, at *8 (E.D. Wis. Sept. 11, 2008)).

In the first stage, the court examines whether the plaintiff has demonstrated a "reasonable basis" for believing he is similarly situated to potential class members. *Miller v. ThedaCare Inc.*, No. 15-CV-506, 2016 U.S. Dist. LEXIS 116467, 2016 WL 4532124, at *3 (E.D. Wis. Aug. 29, 2016). The plaintiff must make "at least a modest factual showing" that collective action is appropriate. *Adair*, 2008 U.S. Dist. LEXIS 68942, 2008 WL 4224360, at *4. To establish that factual support, the plaintiff may present affidavits, declarations, deposition testimony, or other documents that "demonstrate some 'factual nexus between the plaintiff and the proposed class or a common policy that affects all the collective members.'" *Ehmann*, 2016 U.S. Dist. LEXIS 141894, 2016 WL 5957275, at *2 (quoting *Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F. Supp. 2d 745, 750 (N.D. Ill. 2011)). Although the "modest factual showing" standard is lenient, it is not a "mere formality." *Adair*, 2008 U.S. Dist. LEXIS 68942, 2008 WL 4224360, at *3. Because "a plaintiff's discovery demands upon conditional certification may impose 'a tremendous financial burden to the employer,'" courts must be careful to avoid wasting the parties' time and resources in cases that do not warrant certification. 2008 U.S. Dist. LEXIS 68942, [WL] at *4 (quoting *Woods*, 686 F.2d at 581). If the class is conditionally certified, notice may be sent to other potential class members, and discovery may proceed.

At the second step, which usually arises on the defendant's motion for decertification, the court must determine **[*8]** whether the plaintiffs who have opted in are, in fact, similarly situated. *Miller*, 2016 U.S. Dist. LEXIS 116467, 2016 WL 4532124, at *4 (citing *Brabazon v. Aurora Health Care, Inc.*, No. 10-CV-714, 2011 U.S. Dist. LEXIS 37057, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011)). In this phase, the court assesses whether continuing as a collective action provides efficient resolution in one proceeding of common issues of law and fact. *See Hoffmann—La Roche*, 493 U.S. at 170.

Meetz seeks to proceed under the first step's lenient standard, but Defendants argue that sufficient discovery has already occurred to warrant application of a more rigorous standard. *See Miller*, 2016 U.S. Dist. LEXIS 116467, 2016 WL 4532124, at *5 ("[W]here the parties have engaged in some discovery prior to the motion for conditional certification, a higher standard of review may be applied.") Described by many district courts in the Seventh Circuit as an "intermediate level of scrutiny," a heightened standard may be appropriate "where significant discovery has taken place because there is a reduced need for notice and basic discovery on the question of whether the plaintiffs are similarly situated to the proposed class members." *Id.* A court deciding whether to apply an intermediate level of scrutiny to a motion for conditional certification after discovery has begun should consider factors that include the "length of discovery, amount and kind of documents exchanged, number of depositions **[*9]** taken, and the extent other factual material has been made part of the record," as well as whether the defendant has disclosed a list of employees who may qualify for the prospective class. 2016 U.S. Dist. LEXIS 116467, [WL] at *7; *see also Freeman v. Total Sec. Mgmt.-Wis., LLC*, No. 12-CV-461, 2013 U.S. Dist. LEXIS 112871, 2013 WL 4049542, at *4 (W.D. Wis. Aug. 9, 2013) ("An intermediate standard may be appropriate when a court has expressly allowed 'discovery on the issue of whether the plaintiffs are similarly situated' and the plaintiffs have been given access to a 'list of other . . . potential members of the proposed class.'" (alteration in original) (quoting *Bunyan v. Spectrum Brands, Inc.*, No. 07-CV-0089, 2008 U.S. Dist. LEXIS 59278, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008))).

Here, Defendants contend that the 48 declarations filed by Meetz and the opt-in plaintiffs, 6 declarations filed by Defendants, and 3 depositions of Defendant's representatives taken by Meetz, as well as the company policies in the record, provide the Court with sufficient factual information to proceed under a heightened standard. Defs.' Resp. 13-14, ECF No. 99. Defendants also point to the fact that they have already provided Meetz with more than 3,400 pages of documents, including a list of delivery drivers employed by Defendants since September 30, 2013. *Id.* at 9. But Meetz counters that he still lacks requested reimbursement rate data for all but 12 of Defendants' Pizza Hut restaurants, as well **[*10]** as complete payroll

and time data for half of the opt-in plaintiffs. Pl.'s Reply 6, ECF No. 108. He also notes that only four months elapsed between the Rule 26(f) conference on November 29, 2016, and the filing of Meetz's motion for conditional certification on March 24, 2017. *Id.* at 5; *see also* ECF Nos. 21 & 43.

Regardless of whether the lenient standard or the heightened intermediate standard applies here, I conclude that conditional certification of a collective action under the FLSA is proper because Meetz has made an adequate showing that he and the other current and former delivery drivers in the putative class are similarly situated. Ample evidence in the record indicates that delivery drivers at all of Defendants' Pizza Hut restaurants shared consistent job requirements, including responsibility for providing a delivery vehicle, maintaining it in a safe, working condition, and procuring an insurance policy that provided minimum coverage levels. *See* Employee Handbook 38-42, ECF No. 92-5; *see also, e.g.*, Connor Decl. ¶ 3, ECF No. 102; Boneck Decl. ¶¶ 6-9, ECF No. 45; Meetz Decl. ¶¶ 6-9, ECF No. 44. Indeed, June Weiss, Wisconsin Hospitality Group's Vice President of Human Resources, acknowledged **[*11]** the broad applicability of these policies across restaurants, as well as the consistent distribution of the employee handbook explaining them. Weiss Dep. 46-47, 92-99, ECF No. 92-1. Weiss also repeatedly explained that Defendants paid delivery drivers according to a standard minimum wage policy across all restaurants—$7.25 per hour for non-delivery work and $5.25 per hour, with a $2 tip credit, for delivery work—and the exceptions to that policy identified by Weiss are no longer relevant in light of Meetz's concession narrowing the proposed class. *Id.* at 66:8-11, 69:16-20, 72:6-23, 79:1-11, 184:3-6; *see* Pl.'s Reply 8, ECF No. 108. Defendants, moreover, applied a single reimbursement model to all delivery drivers by paying a per delivery fee that approximated the drivers' actual vehicle expenses. Weiss Dep. 106-07; *see* Westhoff Dep. 27:12-14, ECF No. 92-2. Finally, Meetz has alleged that Defendants' per delivery reimbursements failed to reasonably approximate the delivery drivers' vehicle-related expenses incurred on Defendants' behalf, and he has presented evidence suggesting that the consequent under-reimbursement caused drivers' wages to fall below the federal minimum wage. *See* Am. **[*12]** Compl. ¶ 33, ECF No. 18; Pl.'s Reply 12 (citing Johnson Decl. ¶¶ 8-9, ECF No. 107, describing weekly reimbursement and delivery data permitting calculation of estimated under-reimbursement).

Because this record evidence suggests that delivery drivers employed by Defendants were subject to a common compensation and reimbursement policy that resulted in their failure to receive the federal minimum wage, I conclude that they are similarly situated and that conditional certification of a collective action under the FLSA is therefore appropriate. This conclusion aligns with decisions by district courts throughout the country, which have consistently granted conditional certification of FLSA collective actions when pizza delivery drivers allege federal minimum wage violations as a result of per-delivery reimbursement policies that fail to reasonably approximate actual vehicle expenses. *See Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012 (S.D. Iowa 2016); *Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257 (E.D. Pa. 2014); *Smith v. Pizza Hut, Inc.*, No. 09-CV-1632, 2012 U.S. Dist. LEXIS 56987, 2012 WL 1414325 (D. Colo. Apr. 21, 2012); *Darrow v. WKRP Mgmt., LLC*, No. 09-CV-1613, 2012 U.S. Dist. LEXIS 24997, 2012 WL 638119 (D. Colo. Feb. 28, 2012); *Perrin v. Papa John's Int'l USA, Inc.*, No. 09-CV-1335, 2011 U.S. Dist. LEXIS 104059, 2011 WL 4089251 (E.D. Mo. Sept. 14, 2011); *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 U.S. Dist. LEXIS 32761, 2011 WL 1118774 (D. Kan. Mar. 28, 2011); *Bass v. PJCOMN Acquisition Corp.*, No. 09-CV-1614, 2010 U.S. Dist. LEXIS 144305, 2010 WL 3720217 (D. Colo. Sept. 15, 2010); *Luiken v. Domino's Pizza, LLC*, No. 09-516, 2010 U.S. Dist. LEXIS 61020, 2010 WL 2545875 (D. Minn. June 21, 2010).

Defendants point to evidence that they contend supports the reasonableness of the per delivery reimbursement as an approximation of the drivers' actual vehicle expenses, Defs.' Resp. 9-13, ECF No. 99, but in doing so they overemphasize Meetz's obligation to prove an actual FLSA violation **[*13]** at this stage in the litigation. It is well-established that proof of an actual FLSA violation is not a prerequisite to conditional certification. *Jimenez v. GLK Foods LLC*, No. 12-CV-0209, 2013 U.S. Dist. LEXIS 106386, 2013 WL 3936928, at *3 (E.D. Wis. July 30, 2013) ("Significantly, the focus of the inquiry is 'not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated.'" (alteration in original) (quoting *Brabazon*, 2011 U.S. Dist. LEXIS 37057, 2011 WL 1131097, at *3)). Although plaintiffs pursuing a putative collective action must of course plead a claim that does not fail as a matter of law, they need not prove a violation of law to secure conditional certification, so long as some evidence in the record substantiates their allegations. *Compare Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1283 (D. Kan. 2010) (granting motion for judgment on the pleadings

where pizza delivery drivers failed to allege violation of law because 29 C.F.R. § 778.217(c) permits an employer to reasonably approximate employees' expenses for reimbursement purposes, and the drivers "alleged only defendant's failure to pay their actual expenses and not defendant's failure to approximate those expenses reasonably"), *with Wass*, 2011 U.S. Dist. LEXIS 32761, 2011 WL 1118774, at *4 (later granting same plaintiffs' motion for conditional certification where third amended complaint was supported by **[*14]** evidence suggesting that failure to reasonably approximate drivers' expenses resulted in failure to pay minimum wage).

Defendants likewise cannot defeat conditional certification by relying on drivers' tips in excess of the $2 tip credit to offset any deficiencies in the payment of the federal minimum wage to the drivers resulting from Defendants' failure to reasonably approximate the vehicle use reimbursement. Under the FLSA, an employer does not meet the minimum wage requirement if "the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 C.F.R. § 531.35. Although an employer may use a tip credit to count an employee's tips toward the employer's minimum wage obligations, the employee must receive advance notice of the tip credit. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b); *see also Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 727 (E.D. Mo. 2015) ("Defendants may not claim a tip credit in an amount greater than the difference between Plaintiffs' cash wage and minimum wage because they failed to notify Plaintiffs in advance that they were doing so."). Accordingly, Defendants may not rely on Meetz's tips in excess of the tip credit to offset any deficiencies in his receipt of the federal **[*15]** minimum wage arising from under-reimbursement of his vehicle expenses as a result of Defendants' alleged unreasonable approximation of his actual expenses.

Nor do variations between individual members of the putative class defeat conditional certification at this step, as Defendants contend they should. Whether individual inquiries predominate over common questions of law and fact is a question better answered at the second step of the certification analysis. *See Dekeyser v. Thyssenkrupp Waupaca, Inc.*, 314 F.R.D. 449, 456 (E.D. Wis. 2016) ("Factors relevant to the FLSA certification question include any disparate factual and employment settings of the individual plaintiffs, the various individualized defenses available to the defendant, and fairness and procedural considerations."

(citing *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001))). Already, Meetz has conceded that the class should be narrowed to those drivers who earned base wages of $7.25 per hour for non-delivery work and $5.25 per hour for delivery work, eliminating from the class those drivers who earned higher base wages and were therefore less likely to receive total wages below the federal minimum as a result of under-reimbursement of vehicle expenses. Pl.'s Reply Br. 7-8, ECF No. 108. In light of that concession, additional assessment of whether **[*16]** individual inquiries prevail is best left until the second step of the certification analysis, after additional discovery provides more detailed information about the nature of reimbursement practices across Defendants' operations and about the drivers' actual vehicle expenses. For now, "[t]he mere possibility that some members of the proposed class may have different damages (or no damages at all) is not reason to refuse to notify all potential class members in the first instance." *Smith*, 2012 U.S. Dist. LEXIS 56987, 2012 WL 1414325, at *5.

In light of the foregoing discussion, I conditionally certify a class of similarly situated employees defined as follows:

> All persons who have worked as a delivery driver for a Pizza Hut franchise operated by Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut at any time since September 30, 2013, and who received an in-restaurant wage of $7.25 per hour and a delivery wage of $5.25 per hour.

By incorporating Meetz's concession narrowing the class, this definition appropriately captures the common policy that the potential plaintiffs were subject to in this case.

## II. Court-Authorized Notice

District courts have discretion in appropriate cases to implement the opt-in provision of Section 216(b) of the FLSA by facilitating **[*17]** notice to potential plaintiffs. *Hoffmann—La Roche*, 493 U.S. at 169; *Woods*, 686 F.2d at 580. With his motion for conditional certification, Meetz submitted a proposed notice to potential class members. ECF No. 43-1. In their brief in opposition to the motion, Defendants raised several objections to the proposed notice and requested time to meet and confer with Plaintiffs' counsel regarding the proposed notice. Meetz submitted a revised proposed notice with his reply brief. ECF Nos. 107-1 (clean) & 107-2 (changes tracked).

Defendant identified four specific objections to the original proposed notice: (1) the proposed notice mischaracterized the basis for the lawsuit by stating in Section I, "The lawsuit alleges that Pizza Hut violated the Fair Labor Standards Act of 1938 ('FLSA') by failing to fully reimburse the vehicle expenses incurred by its Delivery Drivers"; (2) the proposed notice failed to appropriately characterize Defendants' defense that it reasonably approximated the drivers' expenses and that the drivers received the minimum wage for every hour worked; (3) the proposed notice failed to inform the putative class members that they would be bound by any negative outcome of the litigation; and (4) the proposed [*18] 75-day notice period was too long.

Meetz addressed each of these objections in his reply brief and revised proposed notice. First, Meetz contends that the notice does not mischaracterize the claim in Section I because Section IV explains the claim in greater detail:

> This lawsuit alleges that Pizza Hut violated the FLSA by 1) requiring Delivery Drivers use their own vehicles to deliver pizza, 2) paying at or near minimum wage for time spent delivering pizzas, and 3) paying a per-delivery reimbursement that failed to fully reimburse the Delivery Drivers for their actual vehicle expenses. *Specifically, the lawsuit alleges that Delivery Drivers' pay illegally fell below the minimum wage when their actual vehicle expenses exceeded the per-delivery reimbursement paid by Pizza Hut.*

Revised Proposed Notice 2, ECF No. 107-1 (emphasis added). Because this accurate description of the lawsuit appears in a section clearly marked with the heading "**WHAT IS THIS LAWSUIT ABOUT**?" and therefore provides the notice's primary characterization of the case, I conclude that the language Defendants' identify in Section I is not misleading. Second, I also conclude that the language added to Sections I and IV of the revised [*19] proposed notice accurately describes Defendants' characterization of their own defenses and therefore neutralizes any mischaracterization of Defendants' position by the original proposed notice. Third, the revised proposed notice adopts Defendant's suggestion by adding language to Section VI informing potential plaintiffs that, by opting into the lawsuit, they will not be able to bring a separate claim to recover wages, if the suit is unsuccessful. Finally, the revised proposed notice adopts Defendants' suggested 45-day notice period. Because I am satisfied that these changes address the objections raised in Defendants' brief in opposition, I will allow Meetz to send his revised proposed notice to the conditionally certified class.

## CONCLUSION

Based on the record before the Court, Meetz's motion for conditional certification and court authorization to send notice to potential class members (ECF No. 43) is **GRANTED** with the modifications described in this order. As set forth above, the collective class is certified as follows: All persons who have worked as a delivery driver for a Pizza Hut franchise operated by Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza [*20] Hut at any time since September 30, 2013, and who received an in-restaurant wage of $7.25 per hour and a delivery wage of $5.25 per hour.

**IT IS FURTHER ORDERED THAT** (1) counsel of record is appointed as Collective Action Counsel; (2) the form and content of the revised Notice of Right to Join Lawsuit for Unpaid Wages Against Wisconsin Hospitality Group, LLC and PH Hospitality Group, LLC d/b/a Pizza Hut (ECF No. 107-1) is approved; (3) Defendants must within 10 days provide Collective Action Counsel a Microsoft Excel spreadsheet with an updated list identifying all persons known to Defendants to meet the definition of the collective class set forth in this order, including their first names, last names, last known street address, city, state, zip code, phone numbers, and dates of employment; and (4) the collective class members are allowed 45 days from the mailing of the notice to opt into this action.

Dated this 29th day of August, 2017.

/s/ William C. Griesbach

William C. Griesbach, Chief Judge

United States District Court

**End of Document**