

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

**June 9, 2006**                                                                                          **FLSA2006-21**

Dear *Name\**:

This is in response to your request for answers to several questions raised by a member of your industry association regarding the application of the Fair Labor Standards Act (FLSA) to tipped employees. Since your member's questions concern the use of tips to pay for the cleaning of garments worn by restaurant servers, a preliminary review of both "uniforms" and tips may be useful.

Although there are no hard-and-fast rules in determining whether certain types of dress are considered uniforms for the purposes of compliance with the provisions of the FLSA, Field Operations Handbook (FOH) § 30c12(f) provides the following principles which are applicable:

   a. If an employer merely prescribes a general type of ordinary basic street clothing to be worn while working and permits variations in details of dress, the garments chosen by the employees would not be considered to be uniforms.

   b. On the other hand, where the employer does prescribe a specific type and style of clothing to be worn at work, for example where a restaurant or hotel requires a tuxedo or a shirt and blouse or jacket of a specific or distinctive style, color, or quality, such clothing would be considered uniforms.

FLSA section 3(t) (copy enclosed) states that tipped employees are those who customarily and regularly receive more than $30 a month in tips. FLSA section 3(m) (copy enclosed) provides that employees must be informed in advance if the employer elects to use the tip credit and the amount of tip credit to be claimed. The employer must also be able to show that employees receive at least the applicable minimum wage when wages and tips are combined, and the employer must pay at least $2.13 per hour in cash wages. Also, employees must retain all of their tips, except in the case of valid tip pool arrangements. As indicated in 29 C.F.R. § 531.35 (copy enclosed),

> [w]hether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer . . . part of the wage delivered to the employee.

FLSA section 3(m) allows an employer to count as part of wages the reasonable cost to the employer of furnishing an employee with "board, lodging, or other facilities" when the employer customarily furnishes such items or services to the employees. The cost of furnishing items or services to the employee that are primarily for the benefit or convenience of the employer are not recognized as "reasonable" and can never qualify as a facility under section 3(m). *See* 29 C.F.R. § 531.3(d)(1) (copy enclosed). Uniforms are primarily for the benefit or convenience of the employer and therefore cannot qualify as a facility for which an employer may take credit toward the minimum wage. *See* 29 C.F.R. §§ 531.3(d)(2), 531.32(c) (copies enclosed).

With this background in mind, your questions and the contexts in which they occur are restated below.

**1.     Is it permissible, as suggested by 29 C.F.R. § 531.52, for the recipient of a tip to agree that the tip, or a portion thereof, will become the property of the recipient's employer?**

> Background for question #1: You state that the restaurant would pay each server at least $2.13 per hour "in those states that follow the federal law on tip credit," and



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

> would guarantee that, with tips, the servers would be paid at least the minimum wage, plus any applicable overtime. The restaurant would like also to enter into voluntary agreements with its servers whereby the first $15.00 servers receive in tips each workweek would become the property of the employer. The remainder of the week's tips would be the property of the server. The employer would use the $15.00 to pay the actual cost of laundering employee uniforms. If the actual cost were less than $15.00, the remainder would be returned to the server.
>
> In support of this proposed agreement, the restaurant refers to Wage and Hour Opinion Letter December 26, 1973 and 29 C.F.R. §531.52 which states that "in the absence of an agreement to the contrary between the recipient and a third party, a tip becomes the property of the person in recognition of whose service it is presented by the customer."

Answer #1: Any arrangement whereby a tipped employee agrees that part of his or her tips are to become the property of the employer is inconsistent with the provisions of the FLSA which allow employers to take a tip credit toward wages. As amended in 1974, FLSA section 3(m) states that the tip credit rules "shall not apply with respect to any tipped employee unless . . . all tips received by such employee have been retained by the employee" other than a valid tip pool. Thus, tips must become the free and clear property of the employee who receives them, and the 1973 Opinion Letter is no longer relevant. *See* FOH § 30d01(a) (precluding any agreement with an employer that any part of the tips received belong to the employer or must be turned over to the employer); Wage and Hour Opinion Letters November 22, 1978; April 30, 1975; and February 18, 1975 (FLSA section 3(m), as amended in 1974, does not allow an agreement to turn over tips to an employer to be used to pay the minimum wage) (copies enclosed). *See also Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir.), *cert. denied*, 433 U.S. 915 (1977). The "third party" to which 29 C.F.R. § 531.52 alludes does not include the employer, but must be considered within the context of 29 C.F.R. Part 531 as a whole and FLSA section 3(m) as amended. Examples of third parties to whom such an assignation might properly apply would include insurance or banking institutions. Sums paid by an employer under voluntary assignment to a third party for the benefit of the employee, may be deducted so long as the employer does not benefit either directly or indirectly from the assignment. See 29 C.F.R. § 531.40 (copy enclosed). Clearly the employer would benefit from the "voluntary agreement" you describe.

**2.     Is it permissible for a restaurant to deduct the actual cost of laundering a basic black shirt from the earnings of the server, so long as the server's earnings – including both direct wages paid by the employer and tips – are at least $5.15 per hour after the deduction?**

> Background for question #2: Servers are paid $2.13 per hour in direct wages by the employer and receive tips. Servers leave their shirts at the restaurant at the end of each shift. The employer has the shirts professionally cleaned at the cost of $2.50 per day and returns them to the servers at the start of each shift. The shirts are black with iron-on patches where the server is to attach his or her name-tag.
>
> The restaurant in question believes that this deduction is permissible based on two Department of Labor (DOL) publications: (a) "Uniforms and Their Maintenance," Frequently Asked Questions, and (b) DOL Fact Sheet #2. "Restaurants and Food Establishments under the Fair Labor Standards Act." The first document states that employers must not pay less than $2.13 an hour in direct wages and that the amount of tips received must be enough to bring the employee to the minimum wage. The second document states that deductions from wages for uniform costs are permissible as long as they do not reduce an employee's pay to a rate below the minimum wage or reduce the amount of overtime pay that may be due.



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

Answer #2: As explained above, no portion of an employee's tips may be kicked back to the employer to cover the cost of uniform laundering. Moreover, FLSA section 3(m) defines a tipped employee's wage rate as the cash amount paid (at least $2.13 per hour), plus an amount of tips sufficient to bring the employee to the minimum wage. Thus, even if the tips actually received exceed the maximum tip credit the employer needs to claim toward payment of the minimum wage, these excess tips are not deemed to be wages for purposes of the FLSA. Therefore, the server paid $2.13 per hour in direct wages would still be considered to be paid no more than the minimum wage.

A policy that employees must wear clean uniforms while on duty and the assurance that servers will always appear in clean, freshly pressed uniform tops, primarily is a convenience and benefit to the employer. As such, the cost of the laundering and pressing of the garment is a cost of doing business that may not be imposed on the employees if doing so would reduce their wages below minimum wage. *See* 29 C.F.R. §§ 531.3(d)(2), 531.32(c), 531.35.

As Fact Sheet #2 explains, an employer may not pay tipped employees *less than* $2.13 an hour in direct wages. The employer may, however, pay tipped employees more than the minimum required cash wage. In this case, where an employer claims the full tip credit allowed (and the employee actually receives this full amount in tips), and the employer chooses to pay direct wages at a rate that exceeds the applicable minimum required, the employer would be allowed to accept from the tipped employee a payment for uniform cleaning that did not exceed the amount of the direct cash wage received in that workweek that was in excess of the required minimum. For example, if an employer chooses to pay $3.13 per hour in direct wages and claims the full tip credit, that server's regular rate would be $6.15 per hour, and this is the rate on which additional half-time pay would be computed if the server worked more than 40 hours in a workweek. In this example, the employer could deduct each week toward uniform maintenance up to $1.00 per hour for each hour the server worked that week. *See* FOH § 30d08 (copy enclosed).

> **Question 2 continued: Please also advise concerning the restaurant's responsibilities, if any, if the server, having the option of leaving the shirt to be washed and pressed by the restaurant, elects not to do so, but instead to launder, or have the shirt laundered, on his or her own.**

As discussed earlier, the question of whether a restaurant is liable for the cleaning of garments worn by its servers depends upon whether the garment qualifies as a "uniform," as that word is used in the context of the FLSA. You have mentioned that servers wear a black shirt with an iron on patch where they place their name-tags. You have not indicated whether these shirts are of a particular style or fabric, but because of the iron on patches, it is assumed that they are uniform shirts.

Where employee uniforms require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment, because of heavy soiling in work usage or in order to meet cleanliness or appearance standards set by an employer, the employees must be reimbursed for uniform maintenance costs which reduce their wages below the minimum wage. For enforcement purposes, the Wage and Hour Division (WHD) will accept paying the employee $5.15 per week, or an equivalent daily allocation, as satisfying this requirement. The WHD will also, of course, accept documentation that shows employee reimbursement for the actual cost of the cleaning. *See* FOH § 30c12(b) (copy enclosed).

On the other hand, where an employer notifies employees that the employer will launder or clean, at no cost to the employees, all uniforms they are required to wear, yet some employees choose not to accept this offer, but to clean the uniforms at their own expense, the employer is not bound to reimburse such employees. Also, the WHD will not require that an employer reimburse employees for uniform maintenance in cases where the following three criteria are met: the uniforms are (a) made of "wash and wear" material, (b) may be routinely washed and dried with



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

other personal garments and (c) do not require ironing or other special treatment. *See* FOH §§ 30c12(b) and (c) (copies enclosed).

**3.     Assume the same facts as in example 2, except that in addition to the shirt, the restaurant provides its servers with an apron that has a logo. The server leaves the shirt and apron at the establishment at the end of each shift. The employer has the shirts and aprons professionally laundered. The employer wishes to deduct the actual cost of laundering the shirt and apron from the earnings of the server, so long as the server's earnings – including both direct wages paid by the employer and tips – are at least $5.15 an hour after the deduction.**

See the response to question #2. The addition of the apron does not change the fact that the employer cannot accept from the employee any payment for this service where the deduction would bring the employee's wage below the minimum wage.

**4.     Assume the same facts as in example 3. If each server signs an agreement requesting the employer to launder his or her shirt and apron, can the employer deduct from the server's total earnings (including the $2.13 direct wages and tips) the actual cost of laundering?**

See the discussion under question #2 above. Please note that employees cannot waive their rights to receive the minimum wage. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issues addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that this letter is responsive to your inquiry.

Sincerely,


Alfred B. Robinson, Jr.
Acting Administrator

Enclosures:
FLSA sections 3(m) and 3(t)
29 C.F.R. §§ 531.3; 531.32; 531.35; 531.40; and 531.52
Field Operations Handbook §§ 30c12(b) and (c); 30c12(f); 30d01(a); and 30d08
Wage and Hour Opinion Letters November 22, 1978; April 30, 1975; and February 18, 1975

*\* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7)*