|  |  |
|---|---|
| Employer pays FICA | +$0.24 |
| Total payroll costs | $3.59 |

(2) Where the employer pays the employee's FICA contribution, a smaller direct wage payment to the employee would normally be made. Because the amount of the direct payment to the employee is reduced, the employer's FICA obligation, which is a percentage of that amount, would also be reduced. Since the employee and the employer contribute an equal percentage of FICA, the employee's obligation (which the employer is assuming) has also been reduced. By reducing FICA expenses, this practice permits an employer to reduce payroll costs without reducing an employee's net post-FICA wages.

    a.    An employer may pay an employee $3.13 in direct wages and still meet the minimum wage obligation ($*3.35* - $3.13)
1.0715

Scenario:

| Description | Calculation |
|---|---|
| Employer pays employee | $3.13 |
| Employee pays FICA for employee | +$0.22 |
| Total wages | $3.35 |

Payroll costs

| | |
|---|---|
| Employer pays employee | $3.13 |
| Employee pays FICA for employee | $0.22 |
| Employer pays own FICA | +$0.22 |
| Total payroll costs | $3.57 |

    b.    Where this practice is utilized, the employee's direct wages and the FICA contribution paid on behalf of the employee by the employer must meet the statutory minimum wage.

    c.    The same principle is applied when crediting the FICA contributions to overtime compensation due. However, FICA contributions paid on the employee's behalf by the employer must be included in the regular rate of pay for overtime purposes.

**30c15**    **Car expenses: employee's use of personal car on employer's business.**

In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.

**CHAPTER 30 TABLE OF CONTENTS**

    **(a)**    *As an enforcement policy*, the IRS *standard business mileage rate* found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes.  The IRS standard business mileage rate (currently 28 cents per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees.  In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a pro-rate basis.

    **(b)**    The IRS standard business mileage rate may be used in lieu of actual costs for FLSA purposes *whether or not* the employee will be able to take a deduction on his or her tax return for the business use of the employee's car.

**30c16**    <u>Deductions in non-overtime weeks.</u>

Deductions for article that do not qualify as "board, lodging, or other facilities" under FLSA section 3(m), such as tools, equipment, cash register shortages, and other similar items, may be made in non-overtime workweeks (*i.e.,* weeks of 40 hours or less, and weeks in which statutory overtime does not apply) *provided* the employee continues to receive, after the deductions are made, any required minimum wage, free and clear, for all compensable hours worked in the week (*i.e.,* average hourly earnings for the workweek after the deductions are not less than the highest applicable minimum wage enforced by the WHD).  *See* 29 CFR 531.35 and .36.).  Deductions for non-3(m) items that cut into the highest applicable minimum wage enforced by the WHD are illegal in a non-overtime workweek unless the law establishing that minimum wage (*e.g.*, the Davis-Bacon and Related Acts (DBRA), SCA, H-2A, H-1B, *etc.*) allows the particular deduction from wages.  *Note*: if a MSPA contract specifically discloses that the employer will make certain particularized deductions not otherwise prohibited by other law, those deductions would be permitted.  For example, if a MSPA-covered employer disclosed a wage rate of $8.00 per hour and fully disclosed in writing at the time of recruitment that $1.50 per hour would be deducted for non-3(m) items, and the deductions are otherwise legal and not prohibited by other applicable laws, then those fully-disclosed deductions are permitted to reduce the hourly wage to below the $8.00 per hour contracted promised wage (*i.e.,* to $6.50 per hour).  Furthermore, various other federal, state, and local laws regulate payment of wages, prohibit or restrict payment of wages in services or facilities, outlaw kickbacks, restrain assignments, and otherwise govern the calculation of wages and frequency and manner of paying them.  Nothing in the FLSA or other WH-administered statutes, regulations, or interpretations overrides or nullifies any higher standards or more stringent provisions of these other laws.  *See* 29 CFR 531.26.  (WHD enforcement in *non*-overtime workweeks is limited to the highest applicable minimum wage enforced by the WHD, which includes WHD-enforced prevailing wages when they apply (*e.g.,* DBRA, SCA, H-1B, *etc.*).  If no overtime has been worked in a particular week, the WHD will not enforce any other state of local minimum wage higher than the highest minimum wage applicable under the laws enforced by the WHD; the WHI will advise the employer of the apparent violation of such other higher minimum wage standards and notify the appropriate authorities of the employer's deductions policies and possible underpayments that may have occurred.  *See* FOH 30b10.  Permissible deductions in an overtime week are discussed in FOH 32j08.

**30d**    **TIPS AND TIPPED EMPLOYEES**

[12/15/2016]

**CHAPTER 30 TABLE OF CONTENTS**