# Chao v. Min Fang Yang

United States District Court for the Western District of Tennessee, Western Division

August 13, 2007, Decided; August 13, 2007, Filed

No. 05-2563 JPM/tmp

**Reporter**
2007 U.S. Dist. LEXIS 98841 *; 2007 WL 7209596

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, v. MIN FANG YANG, et. al., Defendants.

**Subsequent History:** Affirmed by Solis v. Min Fang Yang, 345 Fed. Appx. 35, 2009 U.S. App. LEXIS 15344 (6th Cir.) (6th Cir. Tenn., 2009)

**Counsel:** [*1] For Elaine L. Chao, Secretary of Labor, United States Department of Labor, Plaintiff: Brian W. Dougherty, LEAD ATTORNEY, U.S. DEPARTMENT OF LABOR, Office of the Solicitor, Nashville, TN; Howard M. Radzely, LEAD ATTORNEY, U.S. DEPARTMENT OF LABOR, Office of the Solicitor, Atlanta, GA; Matt Stephen Shepherd, LEAD ATTORNEY, U.S. DEPARTMENT OF LABOR-NASHVILLE, Nashville, TN; Stanley E. Keen, Theresa Ball, LEAD ATTORNEYS, Office of the Solicitor, U.S. Department of Labor, Nashville, TN.

For Min Fang Yang, Tasty Buffet, Inc., Tasty China Buffet, Inc., Hou Guang Huang, Defendants: Robert Joseph Leibovich, LEAD ATTORNEY, SHUTTLEWORTH WILLIAMS PLLC, Memphis, TN; Kathleen L. Caldwell, LAW OFFICE OF KATHLEEN L. CALDWELL, Memphis, TN.

**Judges:** JON P. McCALLA, UNITED STATES DISTRICT JUDGE.

**Opinion by:** JON P. McCALLA

# Opinion

### ORDER GRANTING IN PART, DENYING IN PART, AND RESERVING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment, filed by Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Plaintiff") on October 27, 2006 (Doc. 61). Defendants Ming Fang Yang, Huo Guang Huang, Tasty Buffet, Inc. and Tasty China Buffet, Inc. (collectively, "Defendants") [*2] responded on November 24, 2006 (Doc. 62). The Court held a telephonic hearing in this cause on December 18, 2006. For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED IN PART, DENIED IN PART, and RESERVED IN PART.

### I. Background

The instant case arises out of Defendants' failure to abide by the statutory requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "the FLSA" or "the Act"). Defendants, who own and operate two buffet-style Chinese restaurants, one in Memphis and the other in Cordova, are employers within the meaning of Sections 3(d) and 3(g) of the FLSA. [1] (Stipulations, Oct. 27, 2006, Doc. 61-4, P 3.) Through employment agencies in New York, Defendants, who are themselves Chinese immigrants, have a history of hiring Chinese immigrants to work at their restaurants.

In August 2004, Wage and Hour investigators from the U.S. Department of Labor investigated the Defendants' two restaurants and discovered that the minimum wage, overtime, and recordkeeping provisions of the FLSA were being violated. The investigators then met with the Defendants, discussed the violations, and explained acceptable methods of compliance. After the discussion, Defendants agreed to come into compliance. (Dep. of Min Fang Yang ("Yang Dep."), taken Aug. 8, 2006, Doc. 61-5, at 36-45; Dep. of Huo Guang Huang ("Huang Dep."), taken Aug. 8-9, 2006, Doc. 61-8, at 64-69.) It

---

[1] Although Defendants admit that Tasty Buffet, Inc. operates the Chinese restaurant in Memphis, they deny that Tasty China Buffet, Inc. is the corporation that operates the Chinese restaurant in Cordova. Rather, Defendants have stipulated that the Cordova restaurant is operated by New Tasty China Buffet. (Stipulations, Oct. 27, 2006, Doc. 61-4, [*3] P 1.)

appears that as a result of meeting with the Wage and Hour investigators, Defendants complied with the FLSA requirements for a six-week period between August 15, 2004 to September 29, 2004. (Yang Dep., Doc. 61-5, at 46-51; Huang Dep., Doc. 61-8, at 22-27.) Defendants are, thus, alleged to have been in violation of the FLSA at all times from July 15, 2002 to August 28, 2005, except for the six-week period from August 15, 2004 to September 29, 2004 during which Defendants were in compliance, (Stipulations, Doc. 61-4, P 4).

At all times they are alleged to be in violation, Defendants did not pay their employees [*4] hourly wages. They did provide the employees with lodging and food. Additionally, the servers were paid in tips, and the kitchen staff were paid a monthly salary. (*Id.,* PP 6, 8-10.)

Plaintiff brings the lawsuit under three sections of the FLSA. First, Plaintiff alleges that Defendants "repeatedly and willfully" violated Sections 6 and 15(a)(2) of the FLSA by failing to pay their employees the applicable minimum hourly rate. (Compl., Aug. 8, 2005, Doc. 1, Part VI.) Second, Plaintiff alleges that Defendants have "repeatedly and willfully" violated Sections 7 and 15(a)(2) of the FLSA by not compensating employees for overtime work at rates not less than one and a half times the regular rates at which they worked. (*Id.,* Part VII.) Third, Plaintiff alleges that Defendants have "repeatedly and willfully" violated Sections 11(c) and 15(a)(5) of the FLSA by failing to make, keep, and preserve adequate records of the identities of their employees, wages paid, hours worked, and other employment conditions and practices. (*Id.,* Part VIII.) In terms of relief sought, Plaintiff asks that the Court (1) permanently enjoin Defendants from violating these FLSA provisions; (2) restrain Defendants from [*5] withholding paying the wages due under the FLSA to the employees who worked at Defendants' restaurants, for a period beginning August 8, 2002, three years prior to the commencement of the litigation (as allowed under Section 17 of the FLSA); and (3) award backwages to employees who worked at the restaurants, for a period beginning three years prior to the commencement of the litigation and an additional equal amount as liquidated damages (as allowed under Section 16(c) of the FLSA). (Compl., Doc. 1, Part IX.)

On September 19, 2005, the Court entered an Agreed Order of Preliminary Injunction in the case. Under the Order, the parties stipulated the following with respect to the three claims: (1) since July 2002, the Defendants have failed to pay their servers minimum wages in accordance with Sections 6 and 15(a)(2) of the FLSA; (2) since July 2002, the Defendants have failed to pay their servers, cooks, cashiers, and other employees overtime wages for all hour worked over 40 hours per workweek in accordance with Sections 7 and 15(a)(2) of the FLSA; and (3) since July 2002, the Defendants have failed to make, keep, and preserve adequate and accurate records in accordance with Sections 11(c) [*6] and 15(a)(5) of the FLSA. Parties also stipulated that the Plaintiff has a strong likelihood of success on the merits. (Agreed Order of Prelim. Inj., Sept. 19, 2005, Doc. 20.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

When [*7] confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52.

## III. Analysis

In the Plaintiff's Motion for Summary Judgment, Plaintiff asks the Court to (1) find that Defendants willfully and repeatedly violated the minimum wage, overtime, and recordkeeping requirements of the FLSA; (2) order Defendants to pay $ 285,348 in minimum wage and overtime backwages due from August 8, 2002 through August 28, 2005, plus an equal amount in liquidated damages; and (3) permanently enjoin future violations of the FLSA by Defendants. **[*8]** (Pl.'s Mot. for Summ. J., Oct. 27, 2006, Doc. 61-1, at 1-2.)

The Court finds that, in view of the entire record in the case, which includes the parties' stipulations before the Court (Stipulations, Doc. 61-4), Defendants have clearly violated the minimum wage, overtime, and recordkeeping requirements of the FLSA at all times between August 8, 2002 through August 28, 2005, except for a six-week period from August 15, 2004 to September 29, 2004. Thus, summary judgment is GRANTED with respect to the issue of violation of the FLSA.

Although Plaintiff has partially calculated the monetary amount it believes it is due in its brief, and further discussed the calculation during the December 18 ,2006 telephone conference, the Court finds that additional briefing is necessary for the Court to accurately calculate damages. Accordingly, the Court ORDERS Plaintiff to file a further memorandum calculating the full monetary damages due consistent with the present Order. Defendants shall have the opportunity to respond to the memorandum if they so choose. In order to set the schedule of further filings in the case, as well as to reset the trial dates, the Court shall hold a brief telephone conference **[*9]** with parties. An order setting the telephone conference shall be entered shortly after the entry of this Order. The Court, therefore, RESERVES the matter of calculating the damages owed for a later date.

The remaining contested issues in the case--all of which concern the appropriate remedy to award Plaintiff--are the following: (A) whether a "tip credit" should be applied; (B) whether a 2 or 3 year statute of limitations should apply under 29 U.S.C. § 255(a); (C) whether liquidated damages should be imposed under 29 U.S.C. § 216(c); (D) whether defendants are entitled to a credit under 29 U.S.C. § 203(m) for lodging and meals; and (E) whether a permanent injunction should be entered by the Court. As discussed further below, summary judgment is GRANTED in favor of Plaintiff with respect to each of these remaining issues.

### A. Whether a "Tip Credit" Should Be Applied

Pursuant to Section 3(m) of the FLSA, an employer may reduce a tipped employee's wages below the statutory minimum wage by an amount to be made up in tips, but only if the employer informs the tipped employee that his or her wage is being decreased under Section 3(m)'s tip-credit provision. If the employer cannot show that it **[*10]** has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum wage. *E.g., Reich v. Chez Robert, Inc.,* 28 F.3d 401, 403 (3rd Cir. 1994); *Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1322-23 (1st Cir. 1992); *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 467-68 (5th Cir. 1979); *Bonham v. Copper Cellar Corp.,* 476 F. Supp. 98, 101-02 (E.D. Tenn. 1979).

In the instant case, the Court finds that no retroactive tip credit applies to reduce the minimum and overtime wages due to servers because Defendants did not inform the servers that they would be paid on a "tip credit" basis (that their wages were being decreased under Section 3(m)'s tip-credit provision). The undisputed evidence is that Defendants told the employees that they would be working for "tips only" and that they would make at least $ 2,200 in tips a month ($ 2,400 starting January 2005). If they did not make at least that amount in tips, Defendants paid some workers additional amounts in cash up to $ 200. (Stipulations, Doc. 61-4, P 6.) This does not constitute compliance with Section 3(m). It is also irrelevant whether the servers **[*11]** received more money from tips than they would have received if the Defendants had simply paid them the minimum hourly wage. The provisions of Section 3(m) must be strictly observed in order for the tip credit to be applied. Therefore, a tip credit is not available in the instant case, and the employees are entitled to receive the full minimum wage, in addition to any tips they have already received. *See, e.g, Chez Robert, Inc.,* 28 F.3d at 403. Summary judgment as to this issue is GRANTED in favor of Plaintiff.

### B. Whether a Two or Three Year Statute of Limitations Should Apply Under 29 U.S.C. § 255(a)

Pursuant to Section 6(a) of the Portal-to-Portal Act of

1947, 29 U.S.C. § 255(a), wage claims occurring beyond two years prior to the date the complaint is filed are barred, unless the violation is found to be willful, in which case the period for commencement of suit is three years. The Supreme Court has held that a violation is willful if the defendant knew or showed reckless disregard for whether the conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133-35, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). However, it is not enough to show that the employer "acted without a reasonable basis for believing [*12] that it was complying with the statute," because willfulness requires at least recklessness. *See McLaughlin,* 486 U.S. at 134-35. If the employer was aware of the specific FLSA requirements, for example, from prior Wage and Hour investigations, FLSA violations have been found to be willful. *See, e.g., Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 967 (6th Cir. 1991).

In August 2004, Wage and Hour Investigators met with Defendants, and explained that they were in violation of the FLSA. The investigators explained, in detail, the requirements of the FLSA under Sections 6, 7, and 11. The information was communicated to Defendants in their native Chinese, and the investigators also sent Defendants Chinese-translated Wage and Hour Fact Sheets as well as a poster explaining the minimum wage, overtime wage, and recordkeeping requirements of the FLSA. (Yang Dep., Doc. 61-5, at 36-45; Huang Dep., Doc. 61-8, at 64-69.) After the meeting, Defendants agreed to come into compliance. But after only six weeks of compliance, they reverted to violating the FLSA. (Yang Dep., Doc. 61-5, at 46-51; Huang Dep., Doc. 61-8, at 22-27.) All violations committed subsequent to the August 2004 Wage and Hour [*13] investigation were committed knowingly. Thus, the three year statute of limitations applies for these violations, [2] and summary judgment is GRANTED in favor of Plaintiff for post-August 2004 violations.

With respect to the violations occurring before August 2004, the Court finds that an issue of material fact remains as to whether the violations were willful. Defendants contend that they had based their methods on similar methods of compensating employees they had seen in Chinese restaurants that had employed them in New Jersey and Georgia. (Mem. in Supp. of Defs.' Resp. to Pl.'s Mot. for Summ. J., Nov. 24, 2006, 62-2, at 7, 9.) Defendants assert that, based on their experiences, they believed that they were acting appropriately. (*Id.* at 9.) Accordingly, summary judgment is DENIED as to the issue of which statute of limitations should apply to any pre-August 2004 violations.

## C. Whether Liquidated Damages Should Be Imposed Under 29 U.S.C. § 216(c)

Section 16(c) of the FLSA authorizes the Secretary of Labor to recover liquidated damages in an amount equivalent to the unpaid minimum wage and overtime compensation found [*14] due. The purpose of liquidated damages is not punitive, but rather it is to make employees whole for the delay in receiving wages improperly denied them through violations of the FLSA. *See Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 582-84, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942). In order to avoid the awarding of liquidated damages, the employer bears the burden of pleading and proving a good faith defense to avoid liquidated damages. "The burden is a difficult one to meet, however, and '[d]ouble damages are the norm, single damages the exception . . . .'" *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2d Cir. 1987)(quoting *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir. 1986)).

As set out in 29 U.S.C. § 260, and discussed in the case law, if the employer proves to the satisfaction of the court that (1) the acts or omissions giving rise to minimum wage or overtime violations were in good faith, and, (2) that the employer had reasonable grounds for believing that the acts or omissions were not in violation of the FLSA, the Court may, in its discretion, decide not to award any liquidated damages, or to reduce the amount of liquidated damages awarded. *E.g. McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir. 1971); [*15] *McLaughlin v. Hogar San Jose, Inc.,* 865 F.2d 12, 13-14 (1st Cir. 1989).

Defendants cannot meet the heavy burden required by the good faith defense. There is no reasonable ground for an employer to believe that the failure to pay any hourly wages to servers complies with the law. Furthermore, an employer's ignorance of requirements of the FLSA does not constitute reasonable grounds for believing that the employer's actions complied with the Act. *Doty v. Elias,* 733 F.2d 720, 726 (10th Cir. 1984); *Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 907-08 (3d Cir. 1991)("[T]he employer must affirmatively establish that he acted in good faith by attempting to ascertain the Act's requirements."). Defendants acts were not reasonable even if they, as they contend, had

---

[2] The practical consequences of this determination appear to be minimal.

seen similar methods of compensating employees in other Chinese restaurants. Finally, with respect to the violations that occurred after the August 2004 visit from investigators, there can be no good faith when the Defendants ignored the previous findings of violations, and after a six-week period of compliance, reverted to violating the FLSA in the same way as previously. Accordingly, summary judgment is GRANTED in favor of Plaintiff [*16] with respect to the question of awarding liquidated damages.

### D. Whether Defendants Are Entitled to a Credit Under 29 U.S.C. § 203(m) for Lodging and Meals

Section 3(m) of the FLSA, 29 U.S.C. § 203(m), allows employers to include the reasonable cost of providing meals, lodging, or other facilities in employee wages for purposes of the FLSA. When calculating the amount of backwages due to an employee under the FLSA, therefore, the employer may be entitled to a credit for the reasonable cost of meals and lodging.

Section 516.27(a) requires the employer to keep records of the costs incurred in furnishing board, lodging, or other facilities. Section 516.27(b) requires the employer to maintain records showing additions or deductions from wages paid for board, lodging, or other facilities on a work week basis. The burden of proving that a deduction from wages represents the reasonable cost of the meals or lodging furnished is on the employer. *See Herman v. Collis Foods, Inc.,* 176 F.3d 912, 920 (6th Cir. 1999); *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982) ("[A]n employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping [*17] provisions of the FLSA," does not satisfy this burden of proof.).

Defendants failed to make or keep records as required by 29 C.F.R. § 516.27 with respect to the cost of providing meals and lodging, or the requirement of maintaining records of any deductions claimed on a weekly basis. As a result, the Defendants are not entitled to any credit for meals and lodging furnished to employees. *New Floridian Hotel, Inc.,* 676 F.2d at 475. That the Defendants may have, years later, obtained some evidence or estimates as to the cost of some of the lodging and meals provided to employees, (*see* Aff. of Huo Guang Huang ("Huang Aff."), executed Nov. 22, 2006, Doc. 62-4), does not compel the Court to find otherwise. The Court, thus, GRANTS summary judgment to Plaintiff on the issue of credit for meals and lodging.

### E. Whether a Permanent Injunction Should Be Entered by the Court

The authority of the District Courts to grant injunctive relief in this case is established by Section 17 of the FLSA, 29 U.S.C. § 217. Such an injunction "is remedial in nature, i.e., intended to prevent future violations; it is not imposed as punishment for past violations." *Brennan v. Correa,* 513 F.2d 161, 163 (8th Cir. 1975). [*18] "The imposition of an injunction is not punitive, nor does it impose a hardship on the employer 'since it requires him to do what the Act requires anyway -- to comply with the law.'" *Martin v. Funtime, Inc.,* 963 F.2d 110, 114 (6th Cir. 1992) (citing *Dunlop v. Davis,* 524 F.2d 1278, 1281 (5th Cir. 1975)). Furthermore,

> [t]he purpose of issuing an injunction against future violations is to effectuate general compliance with the Congressional policy of abolishing substandard labor conditions by preventing future violations. Prospective injunctions are essential because the cost of noncompliance is placed on the employer, which lessens the responsibility of the Wage and Hour Division in investigating instances of noncompliance.

*Funtime, Inc.,* 963 F.2d at 113-14 (citations omitted).

The Sixth Circuit has stated that in exercising its discretion, the district court should consider: "(1) the previous conduct of the employer; (2) the current conduct of the employer; and (3) the dependability of the employer's promises for future compliance. The most important factor is the likelihood that the employer will comply with the [FLSA] in the future." *Reich v. Petroleum Sales, Inc.,* 30 F.3d 654, 657 (6th Cir. 1994). [*19] However, "'current compliance alone, particularly when achieved by direct scrutiny of the government, is not a sufficient ground for denying injunctive relief.'" *Brock v. Big Bear Mkt. No. 3,* 825 F.2d 1381, 1383 (9th Cir. 1987) (citing *Davis,* 524 F.2d at 1281).

In this case, Defendants' current compliance, which began on August 28, 2005, approximately three weeks after Plaintiff filed the Complaint in the instant action, and their promise to remain in compliance in the future, (Huang Aff., Doc. 62-4, P 24; Aff. of Min Fang Yang, executed Nov. 22, 2006, Doc. 62-5, P 22), does not convince the Court that a permanent injunction should not issue. For approximately three years, Defendants committed serious violations of the FLSA. Even after FLSA requirements were explained in detail to

Defendants by Wage and Hour investigators, and Defendants promised to comply, Defendants blatantly violated the same FLSA requirements afer a short six-week period of compliance. In continuing to violate the FLSA, Defendants forced Plaintiff to expend additional public resources to achieve compliance and restitution for Defendants' employees. Under these circumstances, the Court finds that a permanent injunction [*20] against minimum wage, overtime, and recordkeeping violations under the FLSA is appropriate. Thus, summary judgment is GRANTED as to the issue of whether a permanent injunction should be entered.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED IN PART, DENIED IN PART, and RESERVED IN PART.

So ORDERED this 13th day of August, 2007.

/s/ Jon P. McCalla

JON P. McCALLA

UNITED STATES DISTRICT JUDGE

**End of Document**