# Drollinger v. Network Global Logistics, LLC

United States District Court for the District of Colorado

December 8, 2016, Decided; December 8, 2016, Filed

Civil Action No. 16-cv-00304-MSK-MJW

**Reporter**
2016 U.S. Dist. LEXIS 171013 *

ASHLEY DROLLINGER, individually and on behalf of similarly situated persons, Plaintiff, v. NETWORK GLOBAL LOGISTICS, LLC, ACTION COURIERS, INC, and MEDICAL LOGISTIC SOLUTIONS, LLC, Defendants.

**Counsel:** [*1] For Ashley Drollinger, individually and on behalf of similarly situated persons, Plaintiff: Jack D. McInnes, Paul McInnes, LLP, Kansas City, MO USA; Mark A. Potashnick, Weinhaus & Potashnick, St. Louis, MO USA.

For Network Global Logistics, Llc, Action Couriers, Inc., Medical Logistic Solutions, Llc, Defendants: Adam Carl Smedstad, Scopelitis, Garvin, Light, Hanson & Feary, P.C.- Chicago, Chicago, IL USA; Alaina Cathrine Hawley, Scopelitis Garvin Light Hanson & Feary, PC-Indianapolis, Indianapolis, IN USA; Andrew Joseph Butcher, Scopelitis Garvin Light Hanson & Feary, PC-DC, Washington, DC USA.

**Judges:** Michael J. Watanabe, United States Magistrate Judge.

**Opinion by:** Michael J. Watanabe

# Opinion

ORDER

Entered by Magistrate Judge Michael J. Watanabe

This case is before this Court pursuant to an Order Referring Case (Docket No. 31) entered by Chief Judge Marcia S. Krieger on April 20, 2016. Now before the Court is Defendants' Motion to Bar Plaintiffs' Expert Witness (Docket No. 61). The Court has carefully considered the Complaint (Docket No. 1), the motion, and Plaintiff's response (Docket No. 68).[1] In addition, the Court has taken judicial notice of the Court's file, and has considered the applicable Federal Rules of Civil [*2] Procedure, Federal Rules of Evidence, and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

This matter involves allegations that Defendants did not reimburse Plaintiffs[2] and other similarly situated individuals who were employed by Defendants for the costs associated with the vehicles they drove as part of their jobs. As a result, Plaintiffs allege that Defendants violated the Fair Labor Standards Act and the Montana Minimum Wage and Overtime Compensation Act.

In the instant motion, Defendants argue that Plaintiffs' expert, Paul Lauria, should be precluded from testifying in support of their motion for class certification[3] (Docket No. 56) pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

**Analysis**

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the [*3] testimony is based on sufficient facts or data;

---

[1] The Court notes that Defendants' deadline to file a reply has elapsed and no reply was filed.

[2] Several opt-in Plaintiffs have jointed the lawsuit since it was initialed by Mr. Drollinger.

[3] The motion for class certification is pending before Chief Judge Krieger.

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Defendants argue that Mr. Lauria's testimony should be precluded under Rule 702 because it is not relevant. Specifically, they argue that it does not address any element of Plaintiffs' claims. Defendants also argue that his methodology is not reliable. The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc). In their response, Plaintiffs argue that the expert testimony is relevant because an expert may rely on estimates when determining under-reimbursed vehicle costs and that the proffered expert relied on industry-standard vehicle costs determination methods in reaching his opinions.

Defendants' argument that Mr. Lauria's testimony is not relevant because it is based on estimates and not the actual costs incurred by Plaintiff and other employees of Defendants fails. This District has made clear that "FLSA plaintiffs can rely on estimates provided that there is evidence that the estimate is not an **[*4]** unreasonable approximation of the actual figure." *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613-CMA-BNB, 2011 U.S. Dist. LEXIS 59388, 2011 WL 2174496, at *4 (D. Colo. June 3, 2011) (citations omitted). The key here is that Defendants' argue that "Plaintiffs can only [prevail on class certification] by demonstrating that the reimbursement provided by MLS was insufficient to cover the actual expenses they incurred in operating their personal vehicles on behalf of MLS." (Docket No. 61 at 5). However, Defendants offer no legal support for this position. The closest they come is to show that there is a several thousand dollar difference in the estimated costs for the maintenance and repairs of opt-in Plaintiff Coffelt's vehicles and the actual costs reported by Ms. Coffelt in her deposition. (Docket No. 61 at 8). However, Defendants do not argue that $5,122 "is not an unreasonable approximation of the actual figure." *Darrow*, 2011 U.S. Dist. LEXIS 59388, 2011 WL 2174496, at *4. Further, Defendants offer no legal support for their position that the use of estimates renders Mr. Lauria's testimony irrelevant. While Defendants make the point that Mr. Lauria does not offer an expert opinion regarding the costs actually incurred by Plaintiff or any other employee of Defendants (Docket No. 61 at 5-6), the fact that the expert's opinion is **[*5]** based on estimates does not render it irrelevant and, therefore, subject to preclusion under Rule 702.

As noted above, Mr. Lauria's estimates do not align with one opt-in Plaintiff's, Ms. Coffelt's, reported maintenance and repair costs. This will raise an issue for the Chief Judge to consider when examining the evidence offered by the parties in their briefing of the motion for class certification. However, Defendants do not offer case law indicating that this Court should find such a contradiction to render the expert testimony irrelevant. This is a purported class action. The fact that one opt-in plaintiff's reported costs do not match an expert's estimates does not render his calculations irrelevant as to the case as a whole.

## Conclusion

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Bar Plaintiffs' Expert Witness (Docket No. 61) is DENIED.

Date: December 8, 2016

Denver, Colorado

/s/ Michael J. Watanabe

Michael J. Watanabe

United States Magistrate Judge

---

**End of Document**