# Ogden v. St. Mary's Med. Ctr.

United States District Court for the Eastern District of Michigan, Northern Division

June 11, 2007, Decided ; June 11, 2007, Filed

Case Number 06-11721-BC

**Reporter**
2007 U.S. Dist. LEXIS 41853 *; 2007 WL 1675092

KRISTEN M. OGDEN, Plaintiff, v. SAINT MARY'S MEDICAL CENTER, DAVID REVARD, Defendants.

**Subsequent History:** Summary judgment granted, in part, summary judgment denied, in part by, Motion to strike denied by, Motion to strike granted by, in part, Motion to strike denied by, in part, Claim dismissed by Ogden v. St. Mary's Med. Ctr., 2007 U.S. Dist. LEXIS 69181 ( E.D. Mich., Sept. 19, 2007)

**Counsel:** [*1]  For Kristen M. Ogden, Plaintiff: Manda L. Anagnost, Victor J. Mastromarco, Jr., LEAD ATTORNEYS, Russell C. Babcock, The Mastromarco Firm, Saginaw, MI.

For St. Marys Medical Center, David Revard, Defendants: Richard R. Vary. LEAD ATTORNEY, Elizabeth L. Peters, Masud, Patterson, Saginaw, MI.

**Judges:** Honorable Thomas L. Ludington, United States District Judge.

**Opinion by:** THOMAS L. LUDINGTON

# Opinion

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PROPOSED EXPERT'S REPORT, DENYING DEFENDANTS' MOTION FOR RECONSIDERATION, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PROPOSED EXPERT'S REPORT, AND CANCELLING HEARING**

On April 7, 2006, Plaintiff Kristin Ogden filed her complaint against Defendants St. Mary's Medical Center (SMMC) and David Revard, alleging claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* On April 18, 2007, Defendants [*2] filed a motion to strike Plaintiff's proposed expert's report for failing to meet the standard of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Separately, Defendants also filed a motion for reconsideration of the Court's amended scheduling order.

Plaintiff's proposed expert, Dr. Frank Stafford, an economics professor at the University of Michigan, provided a report estimating the lifetime income and benefits loss to Plaintiff. Based on her W-2 forms for 2001-2005, her earnings records, her benefits plan information, and her unemployment insurance records, Plaintiff's proposed expert estimated her annual salary at about $ 25,000. Using general statistical patterns for career earnings, the proposed expert projected her annual salaries, utilizing an assumed retirement age of 65 and an assumed inflation rate of 3%. Based on the additional assumptions of (1) Plaintiff's dismissal in 2005, (2) modest earnings and unemployment income until 2008, and (3) replacement employment at 75% of her projected annual earnings, Plaintiff's proposed expert projected her anticipated earnings while remaining at Defendant SMMC. According to Plaintiff's [*3] proposed expert, those earnings were expected to be $ 1,322,031, and her anticipated future earnings at replacement employment were projected at $ 909,451. The resulting difference is $ 412,580.

In their motion to strike Plaintiff's proposed expert's report, Defendants raise a variety of objections, arguing that the report is not scientifically valid and, so, unreliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). According to Defendants, the proposed expert relies on generalized data, rather than specifics pertinent to Plaintiff. For instance, he uses a flat rate of 24% to set the value of fringe benefits, rather than developing the actual benefits information and wage schedule applicable to Plaintiff. Defendant also asserts that many,

if not most, economists believe the measure of inflation selected by Plaintiff's proposed expert overstates the actual effect of inflation. Defendants also assert that the proposed expert refers to work-life statistics but does not use them to reduce her retirement age to below 65 years, though that allegation is less **[*4]** clear to the Court. More significantly, Defendants contend that anticipating wage increases *and* adjusting for inflation results in double-counting.

On April 5, 2007, the magistrate judge granted Defendants' motion for a protective order. There, the magistrate judge required Plaintiff to produce to Defendants the transcript of audio recordings covertly made by Plaintiff of her conversations with Defendant SMMC employees over an extended period of time. [1] The magistrate judge also stayed depositions until after Defendants could review the recordings and permitted Defendants to re-depose Plaintiff. The magistrate judge also indicated to counsel that he would recommend to the Court a 60-day extension on discovery to accommodate the required actions; the magistrate judge, in fact, did so.

On April 20, 2007, the Court issued an amended case management and scheduling order, **[*5]** in response to the magistrate judge's suggestion. This order extended the discovery cutoff date from March 28, 2007 to June 29, 2007 and the dispositive motion filing deadline from April 18, 2007 to July 27, 2007. But two days before the amended scheduling order issued, on April 18, 2007, and apparently thirteen days after the stay of discovery from the magistrate judge, Defendants filed their motion for summary judgment in conformity with the existing scheduling order.

Defendants have now filed a motion for reconsideration of the amended scheduling order, and Plaintiff filed a motion for an extension of time to respond to Defendants' motion for summary judgment and for leave to respond to Defendants' motion for reconsideration. Plaintiff also filed a motion for an extension of time to respond to Defendants' motion to strike Plaintiff's proposed expert's report.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify **[*6]** thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and case.

The Supreme Court stated in *Daubert* that the trial court must ensure not only the relevance, but also the reliability of scientific testimony or evidence. *Daubert*, 509 U.S. at 589. Proposed testimony must be supported by validation appropriate to that field. *Id.* at 590. This reliability, stemming from the knowledge and experience of a particular discipline, provides the basis for relaxing the usual requirement of firsthand knowledge and permitting experts to opine with wider latitude. *Id.* at 592. Ultimately, a court's "focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595.

Subsequently, in *Kumho Tire Ltd., Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999), the Supreme Court further held that "*Daubert*'s general holding -- setting forth the trial judge's general 'gatekeeping' obligation -- applies not only to testimony based **[*7]** on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." Thus, the requirements of *Daubert* apply to experts, even their expertise is not scientific.

Here, Defendants' objections to Plaintiff's proposed expert's report raise no challenge to its methodology or principles. Although Defendants criticize the selection of certain assumed values or the selection of particular financial information as relevant over other data, Defendants have not suggested that the fundamental approach taken by Plaintiff's proposed expert departs from accepted practice in the field of economics. Defendants have not offered any affidavit from another economist, for example, that the proposed expert's methodology represents a departure from accepted discipline. The proposed expert has not articulated the algorithm employed to produce his projections, but neither have Defendants identified any defect on that point.

As to Defendants' motion for reconsideration of the Court's amended scheduling order, they have not shown a palpable defect by which the Court has been mislead or a likelihood of a different disposition. *See* E.D. Mich. LR 7.1(g)(3). Defendants **[*8]** prevailed on their motion before the magistrate judge, and the amended

---

[1] The Court also required Plaintiff to arrange for playing the recordings before defense counsel to permit comparison with that transcript.

scheduling order was issued to accommodate their opportunity to examine the audio tapes. Also, at argument, Defendants suggested that their motion for summary judgment can proceed entirely as a matter of law. If so, the extension of additional time for discovery and dispositive motions will have no bearing on their arguments, and they have demonstrated no prejudice.

Regardless, in light of the amended scheduling order and the possibility that extended discovery may provide an additional basis for seeking summary judgment, Defendants will be accorded the opportunity to supplement their motion for summary judgment. Because Defendants may supplement their motion for summary judgment, Plaintiff may also file any response to a supplemented motion for summary judgment timely under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan, based on the filing date of Defendants' supplemented motion.

Accordingly, it is **ORDERED** that Defendants' motion to strike Plaintiff's proposed expert's report [dkt # 30] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that [*9] Defendants' motion for reconsideration of the amended scheduling order [dkt # 37] is **DENIED**. In the event that Defendants elect to supplement their motion for summary judgment, any such supplemented motion shall be filed on or before **July 27, 2007**.

It is further **ORDERED** that Plaintiff's motion for an extension of time to respond to Defendants' motion for summary judgment [dkt # 38] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall file any response timely under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan, based on the date of Defendants' supplemented motion for summary judgment, if any. If Defendants do not file a supplemented motion for summary judgment, Plaintiff shall file any response to Defendants' motion for summary judgment on or before **August 17, 2007**.

It is further **ORDERED** that Plaintiff's motion for an extension of time to respond to Defendants' motion to strike Plaintiff's expert [dkt # 39] is **DENIED** as moot.

It is further **ORDERED** that the hearing scheduled for July 26, 2007 at 3:30 p.m. is **CANCELLED**.

s/ Thomas L. Ludington

United States District Judge

Dated: [*10] June 11, 2007

End of Document