# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| **CHAD MCFARLIN, individually and on behalf of all similarly situated persons,** | Civil Action No.: 2:16-cv-12536 |
|  | Hon. Gershwin A. Drain |
| **Plaintiffs,** |  |
| v. |  |
| **THE WORD ENTERPRISES, LLC, et al.,** |  |
| **Defendants,** |  |

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF: (1) INDIVIDUAL LIABILITY OF DEFENDANT DITTRICH AND (2) DEFENDANTS' USE OF TIP CREDIT TO SASTISFY MINIMUM WAGE

## I. INTRODUCTION

Defendants have failed to establish any genuine issue of material fact regarding both issues presented in Plaintiff's Motion. Defendants expressly concede the issue of Defendant Kevin Dittrich's individual liability. And Defendants have provided *no* authority (because none exists) holding that all tips, as opposed to just the tip credit, count toward the minimum wage.

## II. ARGUMENT

### a. Defendants Have Failed to Identify a Genuine Issue of Material Fact and Plaintiff is Entitled to Partial Judgment as a Matter of Law

Defendants devote the majority of their brief to arguing that the *tip credit* counts toward net wages. Plaintiff has never claimed otherwise. But Defendants conflate the amount of the tip credit with the total amount of tips received. See Defs.' Response [ECF No. 93] at 15 (stating: "the tip credit must apply to vehicle expenses when they have the effect of reducing wages, and there is no violation where tips plus total cash compensation are at least equal to the applicable minimum wage plus employee expenses.").

In so doing, Defendants mischaracterize Plaintiff's position in an attempt to avoid summary judgment. Defendants state: "Plaintiffs take the position that the tip credit authorized by 29 U.S.C. § 203(m) cannot be used as a credit against vehicle expense reimbursement." *Id*. Plaintiff, however, acknowledged that the tip credit

1

(but not total tips) counts toward net wages. See, *e.g.*, Motion [ECF No. 89] at ii (stating: "Tips in excess of a lawfully-invoked tip credit cannot be used satisfy an employer's minimum wage"); *id*. at 2 (stating: "Plaintiff seeks a ruling from this Court that tips received by the drivers in excess of the amount of a lawfully-invoked tip credit *cannot* be used to offset deficiencies resulting from unreimbursed vehicle expenses."). The problem facing Defendants, however, is that the tip credit only brought the Drivers' wages to the bare minimum wage. As a result, the Drivers' effective net wages were *below* the minimum wage in any workweek in which the Drivers' vehicle expenses exceeded the total "driver commissions" of $0.75/delivery.

Defendants engage in various mental gymnastics in attempting to rely on (and distinguish) *Perrin v Papa John's Int'l., Inc.*, 114 F. Supp. 3d 707 (E.D. Mo. 2015). As much as Defendants' attempt to selectively quote *Perrin*, that case plainly holds that the amount of the tip credit actually taken by the employer counts toward minimum wage compliance, *not* the amount of the maximum tip credit possible or the total amount of tips received. *Id.* at 729 (stating: "Nothing … permits Defendants to claim a higher tip credit retroactively, in order to gain the benefit of an offset, without having notified Plaintiffs of the higher tip credit … Because it is undisputed that Defendants did not notify Plaintiffs in advance that

they were taking the maximum tip credit, the Court finds that Defendants are prohibited from taking the maximum tip credit as a matter of law.").

Defendants creatively argue that their lack of a "formal reimbursement policy" distinguishes this case from *Perrin*. But the reason for the wage violation—a formal policy or otherwise—is irrelevant. The issue in *Perrin* was, as here, that the law requires an employer to pay its drivers a net compensation (cash wages, tip credit and "driver commissions"[1]) equal to (or above) the minimum wage after deducting vehicle expenses. 29 C.F.R. § 531.35 (the "anti-kickback" regulation). If anything, Defendants should *not* be rewarded for failing to even determine, or implement, a reasonable vehicle cost reimbursement policy.

Defendants have also mischaracterized the issue as the validity of their tip credit. Defs.' Response at iii (mischaracterizing issue as "[w]hether Defendants properly applied the tip credit expressly authorized under the FLSA, 29 U.S.C. § 203(m) for purposes of complying with minimum wage requirements"); *id.* at 15-

---

[1] Although Defendants claim they did not have a "specifically designated element of compensation dedicated to driver reimbursement expenses," Defs.' Response at 10, Defendants candidly admit that they did not deduct income or payroll taxes from the delivery fees a/k/a "driver commissions." Defs.' Response at 8 (stating: "Defendants made income tax withholding on cash wages, but no withholding was made on any other element of driver employees' total compensation."). That is because the "driver commissions" were, in fact, intended to reimburse the Drivers for their vehicle expenses. Otherwise, Defendants have openly admitted that they failed to make payroll withholdings, a serious violation of tax law.

3

17.[2] Again, the fact that Defendants invoked a tip credit does *not* mean that they can count all tips received toward payment of the minimum wage. 29 C.F.R. § 531.60 ("Any tips received by the employee in excess of the tip credit need not be included in the regular rate. **Such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act.**") (emphasis added)); see also *Perrin,* 114 F. Supp. 3d at 727-29 (same).

In sum, Defendants have failed to present any legal authority whatsoever showing that they can count all tips received in excess of the amount of their tip credit toward the minimum wage. Moreover, Defendants have failed to show any genuine issue of material fact. Thus, the Court should enter summary judgment in Plaintiffs' favor and hold that tips in excess of the amount of Defendants' tip credit do not count toward payment of the minimum wage, and therefore cannot offset minimum wage violations resulting from the Drivers' vehicle expenses.

### b. Defendants Cannot Retroactively Claim the Maximum Tip Credit, and Can *Never* Claim a "Variable" Tip Credit

Defendants argue that a "tip credit allows an employer to comply with minimum wage requirements after any employee expenses have been deducted. The minimum wage is effectively net of expenses. As a result, the tip credit must apply to vehicle expenses where they have the effect of reducing wages, and there

---

[2] To the extent Defendants claim that their tip credit operated differently than as described by Plaintiff, that alternative is discussed in § II(b), *infra*.

4

is no violation where tips plus total cash compensation are at least equal to the minimum wage plus employee expenses." Defs.' Response at 15. As explained above, this argument conflates the concept of a "tip credit" with total tips. But, it is unclear what Defendants mean when they say that "[t]he minimum wage is effectively net of expenses." *Id*. Defendants' position is even worse if they are arguing that the tip credit was not a *fixed amount* equal to the difference between the Drivers' cash wage of $5/hour and the applicable minimum wage (*e.g.*, a tip credit of $3.15/hour when the minimum wage was $8.15/hour).[3]

First and most critically, there is *no* evidence in the record that the Drivers were informed of a tip credit other than the difference between the cash wage and minimum wage. See *U.S. Dept. of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 780 (6th Cir. 1995) (holding that an employer cannot retroactively claim the maximum tip credit allowed by law where the employer's records showed it only took a smaller tip credit of up to but not exceeding the minimum wage). In fact, Defendants' tip credit notice (attached as Ex. 14) states in relevant part: "If your retained tips plus your regular hourly pay for a work week … is at least $8.15 per hour [the minimum wage], we will apply the difference between your regular

---

[3] That is, Defendants may be arguing that the "tip credit" was not a definite, fixed amount, but was, instead, in whatever amount was necessary to bring the Drivers' wages up to the bare minimum *after* applying vehicle expense deductions to all other compensation. That is, tip credit = [minimum wage − (cash wages + delivery fees − vehicle expenses)].

5

hourly pay [*i.e.*, $5/hour] and $8.15 as a 'tip credit' for each hour worked." The notice claimed a tip credit of $3.15/hour. Defendants cannot now claim otherwise. *Cole*, 62 F.3d at 780.

Second, the effect of taking a *post-deduction* tip credit in these circumstances is that the Drivers' tip credit will not be a definite, fixed amount. That is because the amount needed to bring the Drivers' wages to the minimum wage would change on a week-to-week and driver-by-driver basis depending on factors such as the number of hours worked, the amount of delivery fees received, and the Drivers' vehicle expenses incurred (a function of miles driven). However, in order to gain the benefit of *any* tip credit, an employer must inform the tipped employee in advance of "the additional amount by which the [cash] wages of the tipped employee are increased on account of the tip credit claimed by the employer[.]" 29 C.F.R. 531.59(b). If the tip credit operated in a variable fashion, it would have been impossible for Defendants to inform the Drivers' of the "additional amount" by which their wages were increased on account of the tip credit because that amount could never be known until after the workweek ended.[4]

---

[4] The policy guidance on which Defendants rely, DOL Opinion Letter, FLSA 2006-21 (June 9, 2006) (ECF 93-8), does *not* permit a variable/indefinite tip credit. That Opinion Letter describes a scenario in which the employer claimed the full tip credit amount allowed by law—a specific, definite amount—and paid a cash wage of $1.00/hour above the tipped minimum wage, resulting in the employee receiving a regular rate of exactly $1.00/hour above the FLSA minimum wage (then $5.15/hour). It was against this regular rate ($6.15/hour) that the DOL advised the

## III. CONCLUSION

Defendants have failed to demonstrate a genuine issue of material fact regarding lawful use of the "tip credit" to satisfy minimum wage. They have also presented absolutely no legal authority supporting their contention that *all tips* count toward the minimum wage. Meanwhile, Plaintiffs previously presented overwhelming authority supporting the opposite. Instead, Defendants have described a "tip credit" policy that would have invalidated the tip credit entirely and entitled the Drivers to damages equal to the full minimum cash wage, in addition to any unreimbursed vehicle expenses. Plaintiff thus requests that this Court grants his Motion.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (MI #P67190)  Mark Potashnick (MO Bar # 41315)
Blanchard & Walker PLLC   Weinhaus & Potashnick
221 North Main Street, Suite 300  11500 Olive Blvd., Suite 133
Ann Arbor, MI 48104   St. Louis, Missouri 63141
Telephone: (734) 929-4313   Telephone: (314) 997-9150 ext. 2
blanchard@bwlawonline.com   markp@wp-attorneys.com

Dated: February 2, 2018

---

employer could deduct a maintenance fee of $1.00/hour. The guidance does *not* in any way authorize a variable tip credit that depends on the amount deducted. Moreover, even had Defendants claimed the maximum tip credit allowed by law (they did not), Plaintiff has shown minimum wage violations. See Plaintiff's Response to Defendant's Motion for Summary Judgment [ECF No. 94] at 21-22. Moreover, *Perrin* rejected the same attempt to misconstrue the same DOL Opinion Letter. 114 F. Supp. 3d at 728-29.

7

## CERTIFICATE OF SERVICE

    I, David M. Blanchard, hereby certify that on this 2nd day of February 2018, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                       /s/ David M. Blanchard
                                       David M. Blanchard