UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MCFARLIN, Individually and on
behalf of similarly situated persons,

        Plaintiff,

v

THE WORD ENTERPRISES, LLC,
THE WORD ENTERPRISES HASLETT,
LLC, THE WORD ENTERPRISES
LANSING, LLC, THE WORD
ENTERPRISES OWOSSO, LLC, THE
WORD ENTERPRISES PERRY, LLC,
THE WORD ENTERPRISES ST.
JOHNS, LLC, DITTRICH INVESTMENTS
II, INC., and KEVIN DITTRICH,

        Defendants.
_____/

No. 2:16-cv-12536

Hon. Gershwin A. Drain

**<u>DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. #90]</u>**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES AND CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................................................................................... iii

I. REPLY TO ARGUMENT ................................................................................1

II. CONCLUSION ................................................................................................7

# INDEX OF AUTHORITIES AND CONTROLLING OR MOST APPROPRIATE AUTHORITY

## Cases

*Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294 (6th Cir. 1998) ............................................................................................................6

*Perrin v. Papa John's Int'l., Inc.*, 114 F.Supp.3d 107 (E.D. Mo. 2015) ..................5

*Reich v. Chez Robert, Inc.*, 28 F.3d 401 (3d Cir. 1994) ............................................5

*U.S. Department of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775 (6th Cir. 1995) ....4

*Wass v. NPC Intern., Inc.*, 688 F.Supp.2d 1282 (D. Kan. 2010)...............................6

## Statutes and Regulations

29 C.F.R. § 778.217(a)................................................................................................3

29 U.S.C. § 203(m) .......................................................................................... 1, 3, 6

## Other Authorities

DOL Handbook............................................................................................................6

## I. REPLY TO ARGUMENT

Plaintiff opposes Defendants' Motion for Judgment ("Motion") by ignoring the legal position on which the Motion is based, and instead, mischaracterizing those arguments to fit within a structure Plaintiff has observed in other pizza delivery cases. Those cases are completely distinct in terms of their compensation structures and underlying facts.

These Defendants are entitled to summary judgment because their respective compensation structures complied with applicable minimum wage requirements, even when using Plaintiff's reimbursement calculation. For most of the period at issue in this case, employee drivers were paid a tipped cash wage of $5.00 per hour while making deliveries, plus cash delivery fees, which varied by Defendant and delivery location, and Defendants took a tip credit, as authorized under the FLSA, 29 U.S.C. § 203(m) to make up the difference between the tipped wage compensation paid to the drivers and the minimum wage. Plaintiff admits that Defendants validly applied a tip credit. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Mem.") [Doc. # 94], at 6, n. 3 ("Plaintiff is not contesting the validity of Defendants' tip credit"). Because Defendants are entitled to take a tip credit in an amount necessary to comply with the minimum wage, the remaining issues are: (i) whether the driver employees received sufficient tips to cover the difference between cash compensation and the

minimum wage, and (ii) what mileage reimbursement rate should be used to determine compliance. The Exhibit identified as DX-15 to the Brief in Support of Defendants' Motion for Summary Judgment ("Defs.' Brf.") [Doc. # 90], establishes that the total compensation received by the representative Plaintiff in this case exceeded the pre-expense minimum wage by an average of 49 cents per mile during the period of his employment. Plaintiff's own flawed expert report, which included fixed and variable costs, calculated Plaintiff's mileage reimbursement rate at 33 cents per mile. Plaintiff can show no minimum wage violation in this case because the tip credit covers up to 49 cents, well more than the 33 cents per mile which Plaintiff seeks to deduct from compensation in order to establish a minimum wage violation.

Plaintiff erroneously argues that Defendants are attempting to count "all tips" received by Plaintiff McFarlin toward minimum wage compliance. Pl.'s Mem., at 1 and 5. That is not the case. Plaintiff seeks to count the tips actually received in the amount necessary to comply with minimum wage requirements, including employee expenses. In this case, using Plaintiff's own calculation, this is 33 cents per mile. While Defendants contest that calculation as too high, the math determines that Defendants complied with the minimum wage in this case. As shown on DX-15, Plaintiff's cash compensation plus tips, were sufficient to cover up to 49 cents per mile on average. Plaintiff cannot establish a minimum wage violation. Further, even

if Plaintiff needed to count all tips for compliance, none of the cases cited by Plaintiff would prohibit that result. An employer is entitled to take a tip credit for the difference between tipped wage cash compensation and the minimum wage, so long as actual tips received cover that difference. 29 U.S.C. § 203(m).

Plaintiff's second argument is that Defendants must reimburse the "fixed" costs of driving in addition to the "variable" costs for purposes of minimum wage compliance. Pl.'s Mem., at 1 and 5. That argument is irrelevant for purposes of this Motion since the 33 cents per mile reimbursement rate calculated by Plaintiff's own expert includes fixed *and* variable costs. The tip credit in this case covers both, up to 49 cents per mile. However, to the extent deemed relevant to this Motion, Defendants note that Department of Labor ("DOL") regulations only allow reimbursement of expenses incurred "on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer…." 29 C.F.R. § 778.217(a). Fixed costs are not incurred solely on the employer's behalf or convenience because the employee must incur those costs anyway, irrespective of his or her employment, except in the rare event that an employee obtains a vehicle solely for his or her employment. Those are items such as insurance costs, registration fees, and finance charges. The regulation specifically refers to sums expended "solely" for the convenience of the employer. Therefore, only the variable cost of operating a vehicle is properly included.

3

The facts of this case put this issue into stark relief. Here, Plaintiff McFarlin does not own or insure the vehicle he used while working as a delivery driver. In fact, the insurance policy on that vehicle excludes coverage while using the vehicle for food delivery. See Defs.' Brf., at 4-6. Plaintiff McFarlin admitted during his deposition that while he was employed by TWE-Perry, his wife worked full-time at Meijer and used the car to drive to and from work. Whomever incurred the fixed costs of owning the vehicle, those costs would have been incurred regardless of Plaintiff McFarlin's employment because his wife used the same vehicle to drive to and from work, and both used it for personal purposes. Those costs were not "solely" for his employer's benefit, and cannot properly be included in the overstated mileage reimbursement rate calculated by Plaintiff's expert. However, Plaintiff's expert did in fact include fixed costs in his calculation. If this case proceeds beyond the summary judgment stage, these fixed and variable costs will be disputed. For purposes of this Motion, however, using Plaintiff's own reimbursement calculation, Plaintiff can show no violation, and Defendants are entitled to summary judgment.

Plaintiff's cited authority does not support his position because those cases involve challenges to dedicated reimbursement plans, rather than total compensation as in the present case, or are simply inapplicable. For example, Plaintiff cites *U.S. Department of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775 (6th Cir. 1995) in support of his position that an employer cannot retroactively claim the maximum tip credit

4

where the employer's records show the employer only took a smaller tip credit up to the minimum wage. Pl.'s Mem., at 8. That portion of *Cole Enterprises* has no application here. In *Cole Enterprises*, the employer sought to apply a portion of the tip credit to cover uncompensated time and overtime claims. The employer was found to have properly applied the tip credit to its *minimum wage* obligations, but failed to notify employees, and could not retroactively assert, that tips would be credited toward *overtime*. *Cole Enterprises*, 62 F.3d at 780. That is not even remotely the case here. None of the employees in this case worked overtime, nor is overtime a claim made in the First Amended Complaint ("FAC"). Defendants in this case apply the tip credit only for purposes of complying with minimum wage requirements, and Plaintiff does not contest notice for that purpose. Plaintiff's citations to *Perrin v. Papa John's Int'l., Inc.*, 114 F.Supp.3d 107 (E.D. Mo. 2015), and *Reich v. Chez Robert, Inc.*, 28 F.3d 401 (3d Cir. 1994), are also unavailing for purposes of notice. In the case of *Chez Robert*, the employer did not provide notice at all, and in the *Perrin* case, the employer had a specifically designated reimbursement formula included in compensation which did not include the use of tips. These cases are distinguishable and inapplicable on their facts with respect to notice. Further, in the Sixth Circuit, FLSA notice requires only that an employer inform its employees of its intent to take a tip credit; it does not require an explanation of how that credit will be taken. *See Kilgore v. Outback Steakhouse of*

5

*Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998) (Employer "need not necessarily 'explain' the tip credit as argued by the plaintiffs.").

In this case, Defendants seek to apply the tip credit in an amount sufficient to comply with the minimum wage. That is why Defendants are entitled to summary judgment in this case. Unlike in the case where the employer has a dedicated reimbursement formula such as *Perrin*, or where state law requires independent reimbursement of vehicle expenses, here there is no independent obligation for an employer to reimburse employee expenses, except where those expenses reduce employee wages below the minimum wage.[1] Because expenses may have effect of reducing employee wages below minimum wage, the tip credit is by definition available to cover that difference, so long as actual tips received are at least equal to that amount. *See* 29 U.S.C. § 203(m). Although not necessary for purposes of the present Motion, Defendants will contest Plaintiff's calculation of fixed costs at the appropriate time. Contrary to Plaintiff's statement (Pl.'s Mem., at 16), the DOL does not require reimbursement of fixed expenses. The DOL Handbook merely *allows* the use of the IRS standard business mileage rate in lieu of actual costs. That rate includes insurance and registration fees. No case has required the use of the IRS rate.

---

[1] *See e.g. Wass v. NPC Intern., Inc.*, 688 F.Supp.2d 1282, 1288 (D. Kan. 2010) ("Of course, defendant would not be in violation of the minimum wage laws merely by failing to reimburse plaintiffs for expenses; rather, such failure must be in an amount great enough to bring plaintiffs' wages for a particular time period below the legal minimums.").

6

Finally, Plaintiff attempts to create a material issue of fact by making various unsubstantiated calculations regarding application of the tip credit. Pl.'s Mem., at 17-20. None of these calculations are relevant to the present Motion because Defendants are using Plaintiff's reimbursement calculation. In the first example, Plaintiff calculates per mile reimbursement based only on the delivery fee compensation. As a matter of law, that is an incorrect calculation because it does not account for total compensation and application of the tip credit. Plaintiff then attempts to create an issue of material fact by applying the IRS mileage reimbursement rate. However, Plaintiff's own expert has calculated the mileage reimbursement amount in this case at 33 cents per mile.

## II.  CONCLUSION

For the foregoing reasons, as well as those stated in Defendants' Brief, and the record in this case, Defendants respectfully request that this Honorable Court enter summary judgment in their favor, and dismiss the claims contained in the First Amended Complaint in their entirety, and with prejudice, together with such other and further relief as this Court may deem just and appropriate.

Dated: February 6, 2018          Respectfully submitted,

/s/ Jeffrey S. Theuer
Jeffrey S. Theuer (P44161)
Loomis, Ewert, Parsley, Davis & Gotting, P.C.
124 West Allegan, Suite 700
Lansing, MI  48933
(517) 482-2400 / jstheuer@loomislaw.com

## **CERTICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing *Defendants' Reply in Support of Defendants' Motion for Summary Judgment* was filed with the Clerk of the Court using the CM/ECF system on February 6, 2018, which sent notification of such filing to all counsel of record, including:

>David M. Blanchard
>Blanchard & Walker PLLC
>221 North Main Street, Suite 300
>Ann Arbor, MI  48104
>blanchard@bwlawonline.com

>/s/Jeffrey S. Theuer
>Jeffrey S. Theuer (P44161)
>LOOMIS, EWERT, PARSLEY, DAVIS & GOTTING, P.C.