UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MCFARLIN,

Plaintiff,

v.

THE WORD ENTERPRISES, LLC, ET AL.,

Defendants.

_____/

Case No. 16-cv-12536

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Presently before the Court is Plaintiff's complaint against Defendant, alleging violations of the Federal Labor Standards Act (FLSA) and the Michigan Minimum Wage Law. Pending before the Court is Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. Dkt. Nos. 89, 90. Defendants argue that there is no genuine dispute of fact that they paid their delivery drivers the minimum wage rate or higher. Plaintiffs move for summary judgment on two issues. First, Plaintiff argues that Defendant Kevin Dittrich is an employer of delivery drivers. Second, Plaintiff argues that Defendants may not use tips to reimburse vehicle expenses. For the reasons

discussed below, the Court will deny Defendants' Motion for Summary Judgment and grant Plaintiff's Motion for Partial Summary Judgment.

## II. FACTUAL BACKGROUND

This case involves a chain of three Hungry Howie's franchises located in Haslett, Perry, and St. Johns, Michigan. Dkt. No. 75, pg. 5 (Pg. ID 1597). Plaintiff was a delivery driver at the Perry location from July 2015 to September 1, 2016. *Id.* at pg. 4 (Pg. ID 1596). Defendants required delivery drivers at each location to use their personal vehicles to make pizza deliveries. *Id.* at pg. 6 (Pg. ID 1598). Defendants paid delivery drivers a cash wage of $5.00 per hour when they were making deliveries. Dkt. No. 93-4, pg. 2 (Pg. ID 2170). Defendants paid delivery drivers a run charge of $.75 per delivery, and Perry drivers received $1.75 for deliveries to Lainsburg, Michigan. Dkt. No. 93-2, pg. 3 (Pg. ID 2157). Delivery drivers also received tips. In all store locations, Defendants posted a "Minimum Wage Notice to Tipped Employees." Dkt. No. 93-9, pg. 1 (Pg. ID 2193). This notice stated that Defendants would take a tip credit that was exactly the difference between the drivers' cash wage and the Michigan minimum wage. *Id.* In other words, Defendants would only take just enough tip credit to get their delivery drivers' salary to the exact minimum wage.

On July 6, 2016, Plaintiff filed a class action complaint against Defendants. Dkt. No. 1. Plaintiff filed his First Amended Complaint on September 19, 2017.

Dkt. 75. Plaintiff alleges that throughout his time as a delivery driver at the Perry franchise, Defendants paid him and similarly situated drivers the exact Michigan minimum wage. *Id.* Plaintiff also alleges that Defendants did not adequately reimburse him and other drivers for vehicle expenses incurred while delivering pizzas for Defendant. *Id.* at pg. 6 (Pg. ID 1598). Therefore, Defendants actually paid Plaintiff and similarly situated drivers below the federal and Michigan minimum wages. *Id.* at pg. 15, 18 (Pg. ID 1607, 1610). Defendants deny these allegations. On October 5, 2017, this Court certified Plaintiff's class. Dkt. No. 83.

On December 29, 2017, Plaintiff filed a Motion for Partial Summary Judgment. Dkt. No. 89. Defendants conceded summary judgment in favor of Plaintiff on the issue of Defendant Dittrich's status as an employer of Plaintiff and other delivery drivers. Dkt. No. 93, pg. 11 (Pg. ID 2134). Defendants opposed Plaintiff's Motion on the issue of Defendants' application of the tip credit. *Id.* Plaintiff replied on February 2, 2018. Dkt. No. 95. Defendants filed a Motion for Summary Judgment on January 1, 2018. Dkt. No. 90. Plaintiff opposed the Motion on January 23, 2018. Dkt. No. 94. Defendants replied on February 6, 2018. Dkt. No. 96.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment. The Rule states, "summary judgment shall be granted if 'there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law.'" *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). "All factual inferences 'must be viewed in the light most favorable to the party opposing the motion.'" *Id.* (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

Both Plaintiff's and Defendants' Motions contain overlapping issues. The most significant overlapping issue concerns the proper application of the tip credit. Therefore, this Court will discuss Plaintiff's Motion for Partial Summary Judgment first and apply any overlapping analysis to Defendants' Motion for Summary Judgment.

## I. Plaintiff's Motion for Partial Summary Judgment

### a. <u>Kevin Dittrich's Employer Status</u>

First, Plaintiff moves for summary judgment on Defendant Kevin Dittrich's status as an employer of Plaintiff and similarly situated delivery drivers. Dkt. No.

89, pg. 7 (Pg. ID 1851). Defendants have never contested this issue. Dkt. No. 93, pg. 11 (Pg. ID 2134). Both Plaintiff and Defendants concur that Mr. Dittrich is an employer of Plaintiff and other delivery drivers within the meaning of the FLSA. This Court therefore holds that there is no genuine dispute about whether Mr. Dittrich qualifies as an employer under the FLSA. The Court grants summary judgment in favor of Plaintiff on this issue.

### b.  <u>Application of the Tip Credit</u>

Second, Plaintiff argues that Defendants cannot use tips in excess of the tip credit to reimburse delivery drivers' vehicle expenses. Dkt. No. 89, pg. 8 (Pg. ID 1852). Defendants argue that they can apply a part of the tip credit to vehicle expenses because they paid their drivers a cash wage larger than the minimum cash wage required by the FLSA. Dkt. No. 93, pg. 24 (Pg. ID 2147).

The Sixth Circuit has considered the application of the tip credit. *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 780 (6th Cir. 1995). In *Cole*, the Department of Labor sued a restaurant for violating minimum wage laws. *Id.* at 777. The court found that the employers failed to make the employees aware of the existence of the tip credit or the tip credit amount as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 516.28(a)(3). *Id.* 29 U.S.C. § 203(m) states that the tip credit does not apply unless the employer has informed the employee about the tip

credit." 29 C.F.R. § 516.28(a)(3) states that "[t]he amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week." Here, Defendants cannot retroactively claim a higher tip credit taking *Cole* and the statutory provisions together. *Cole* stated that an employer must inform the employee of the tip credit amount and not just that the employer is taking a tip credit. 29 C.F.R. § 516.28(a)(3) also states that an employer must inform an employee of the amount of the tip credit if it changes. Therefore, adequately informing an employee of the tip credit requires an employer to give notice of its intent to take a tip credit and the tip credit amount. In this case, Defendants did not give their delivery drivers notice of their intent to take the maximum amount of tip credit. Defendants only gave notice of their intent to take just enough tip credit to get their drivers to the minimum wage. Therefore, Defendants did not give adequate notice of the tip credit and cannot claim the maximum amount.

The Eastern District of Missouri considered a similar issue in 2015. *See Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 727–29 (E.D. Mo. 2015). In *Perrin*, pizza delivery drivers sued their employers for underpayment of wages. *Id.* at 711. The employers required the delivery drivers to maintain their own vehicles for making deliveries, similar to this case. *Id.* The employers reimbursed the drivers with a fixed reimbursement rate for vehicle expenses; all drivers received a

flat rate per delivery. *Id.* The employers paid the drivers a cash wage below the minimum wage, and used a tip credit to get the drivers' salary to the minimum wage rate. *Id.* at 712. The delivery drivers argued they were paid below minimum wage because the vehicle reimbursement was not enough to cover their actual vehicle expenses. *Id.* Similar to the Defendants in this case, the employers in *Perrin* asserted that they could pay a higher cash wage and still take the maximum tip credit to reimburse vehicle expenses. *Id.* at 717.

The *Perrin* court found that the defendants could not claim a greater tip credit than they originally claimed because they did not notify the plaintiffs in advance of the change. *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 727 (E.D. Mo. 2015). The court found it undisputed that the defendants did not notify plaintiffs they were taking a tip credit greater than the difference between plaintiffs' cash wage and the minimum wage. *Id.* at 728. Therefore, the defendants could not retroactively claim a higher tip credit. *Id.* at 729. Defendants could not claim a higher tip credit even if the Department of Labor Guidelines allowed employers to claim a higher tip credit to reimburse vehicle expenses. *Id.* Again, the court held that this was because the defendants did not tell their employees they were taking a higher tip credit in advance. *Id.*

*Perrin* is similar to the present case. Here, Defendants wish to claim a higher tip credit than they stated they would take in their notice to their employees. Under

*Perrin*, the Defendants are not able to claim a higher tip credit because their original notice did not claim this higher tip credit. This is even if Defendants are generally allowed to claim a higher tip credit to cover vehicle expenses because they paid a higher cash wage. The *Perrin* court made clear that adequate notice is essential to an employer's ability to claim the tip credit in its desired amount. And adequate notice includes the amount of the tip credit that an employer wishes to take. If this Court follows the *Perrin* court, then Defendants cannot claim a tip credit higher than what it takes to get their drivers to the exact minimum wage.

Defendants argue that they gave adequate notice of the tip credit. Dkt. No. 93, pg. 26 (Pg. ID 2149). They assert that the Sixth Circuit holds employers do not have to explain the tip credit, but they only have to inform employees that they plan to take a tip credit. *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 298–99 (6th Cir. 1998). However, *Kilgore* did not address the same issue as the present case. In *Kilgore*, restaurant servers and hosts sued Outback, challenging its tip pool arrangement. *Id.* at 295. The Sixth Circuit was considering "what information must the employer pass along to the employee [regarding the tip credit] and how may the employer convey that information." *Id.* at 298. The court held that "an employer must inform its employees of its intent to take a tip credit toward the employer's minimum wage obligation." *Id.* In other words, the Sixth Circuit only addressed the issue of notice in general. It did not address the specific

issue of whether an employer can give notice that it intends to take a certain tip credit amount, and then change that amount without prior notice. This was not at issue in *Kilgore.* Therefore, Defendants' reliance on *Kilgore* does not demand a holding that they can retroactively claim a higher tip credit without notice of the higher tip credit amount to their employees.

The Third Circuit has considered the issue of notice in the application of the tip credit. *See Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994). In *Reich*, the defendant employer wanted to use evidence of the employees' actual tips received to offset some of its back pay obligations. *Id.* However, the court held that employers must notify employees of their intent to take a tip credit. *Id.* The court required notice to use tips even if employees' actual tips received could cover insufficient pay by the employer. *Id.* The court reasoned that Congress specified notice as a requirement to take a tip credit, and the notice requirement was not difficult to provide. *See id.* Therefore, employers could not disregard this requirement. *Id.* The Third Circuit chose to aggressively enforce the notice requirement and not allow employers the equitable remedy of applying actual tips received. This Court could follow the same sentiment as the Third Circuit by aggressively enforcing the notice requirement. In the present case, this would mean requiring the Defendants to give notice for the tip credit amount that it actually

takes. Therefore, if Defendants give notice for one tip credit amount, and then try to take a different tip credit amount, it does not really count as notice.

The District Court of Wisconsin has considered the application of the tip credit as well. *See Meetz v. Wisconsin Hospitality Grp LLC*, No. 16-C-1313, 2017 WL 3736776, at *5 (E.D. Wis. Aug. 29, 2017). The defendants in *Meetz* used a two dollar tip credit in its compensation structure. *See id.* The defendants then wanted to claim a tip credit above two dollars in order to reimburse delivery expenses. *Id.* The court held that the employers must give notice of the tip credit. *Id.* The employers did not give notice that they would use tips in excess of its two dollar tip credit to satisfy the minimum wage. *See id.* Therefore the court did not allow the defendant employers to count all tips above their tip credit to offset their minimum wage payment deficiencies. *See id. Meetz* is similar to the present case. Here, like in *Meetz*, Defendants wish to take a higher tip credit than what they originally gave notice for. Following the court's reasoning in *Meetz*, this Court should not allow Defendants to do so. Defendants did not give notice of their intent to take a higher tip credit than what they originally noticed. Allowing them to claim a higher tip credit now and use the tip credit to reimburse expenses is not fair notice.

In this case, it is uncontested that Defendants posted a "Minimum Wage Notice to Tipped Employees" as their notice about the tip credit. Dkt. No. 93-9, pg.

1 (Pg. ID 2193). This notice stated that Defendants would take a tip credit equal to the difference between the cash wage they paid and the minimum wage. *Id.* In other words, Defendants stated they would only take as much tip credit as necessary to get delivery drivers' salaries to the exact minimum wage. Now, Defendants argue that they can take a tip credit in excess of the amount that they gave notice to their employees about to cover employee expenses. Dkt. No. 93, pg. 24 (Pg. ID 2147). However, as the above case law illustrates, the retroactive application of a higher tip credit does not constitute adequate notice. Case law that exists on this topic disfavors allowing employers to take a higher tip credit without notice of the new amount. Defendants present no contrary case law to refute this trend. Therefore, this Court holds that Defendants cannot use tips in excess of the minimum wage to offset unreimbursed vehicle expenses.

In conclusion, the Court will grant Plaintiff's Motion on both issues. The Court holds that Defendant Kevin Dittrich is an employer of the delivery drivers. The Court also holds that Defendants may not use tips in excess of the minimum wage to cover vehicle and other employee expenses.

## II.    Defendants' Motion for Summary Judgment

Defendants move for summary judgment, asserting that there is no genuine dispute that they paid their delivery drivers at or above the minimum wage. Dkt.

No. 90, pg. 16 (Pg. ID 2002). Defendants state that their delivery drivers received a cash wage of $5.00/hour, a delivery fee of $.75 or $1.75 per delivery (to Lainsburg, Michigan), and they kept all cash and credit card tips. *Id.* at pg. 15–16 (Pg. ID 2001–02).

However, as stated in the Motion for Partial Summary Judgment analysis, Defendants cannot count all tips toward the wages of their employees. Defendants can only take a tip credit great enough to cover the difference between the delivery drivers' cash wage and the minimum wage. So Defendants' argument that they paid their drivers at or above minimum wage because the drivers kept all of their tips is not valid.

Plaintiff's opposition to Defendants' Motion includes the expert report of Mr. Paul Lauria. Dkt. No. 94-12. Mr. Lauria found that Plaintiff's vehicle costs were over three times the rate at which Defendants reimbursed him.[1] *Id.* at pg. 24 (Pg. ID 2286). Plaintiff then uses Defendants' Exhibit 15 to showcase how Defendants paid him below the minimum wage rate. Plaintiff uses the first line of figures in Exhibit 15 to show that Plaintiff did not get paid enough compensation beyond the

---

[1] Mr. Lauria estimated Plaintiff's average vehicle cost per mile to equal $.33. Dkt. No. 94-12, pg. 24 (Pg. ID 2286). Defendants accepted the Lauria rate for purposes of their Motion for Summary Judgment. Dkt. No. 90, pg. 20 (Pg. ID 2006). Defendants argue that even with the Lauria rate, the evidence still shows that they paid their delivery drivers at or above the minimum wage at all times. *Id.*

minimum wage to adequately reimburse his vehicle expenses. Dkt. No. 94, pg. 21 (Pg. ID 2216). Plaintiff only received $.25 per mile in that two week period. *Id.* Plaintiff also uses Defendants' Exhibit 15 to showcase how Defendants paid him at a rate of less than ten cents per hour after Defendants fixed an accounting error— this is lower than any mileage reimbursement rate suggested by Defendants. Dkt. No. 94, pg. 22 (Pg. ID 2217). Defendants assert that they did not count all tips towards Plaintiff's salary. However, Defendants' Exhibit 15 appears to include all of Plaintiff's tips in its salary calculations. For example, line one of the table lists Plaintiff's credit cards tips as $64.17, and his cash tips as $95.36 for the pay period. Dkt. No. 90-16, pg. 1 (Pg. ID 2096). The table also calculates that Defendants paid Plaintiff $444.55 total in the pay period. *Id.* The $444.55 figure is only reached by including all of Plaintiff's tips— the sum of $64.17 and $95.36— into his total compensation. Defendants even state that they included all of these tips in Plaintiff's salary calculation. *See* Dkt. No. 90, pg. 18 (Pg. ID 2004).

At the hearing for this Motion held on March 16, 2018, counsel for Defendants stated that Exhibit 15 does not count all tips towards Plaintiff's wages. Counsel stated that Exhibit 15 shows what total compensation was available under Plaintiff's expert calculations. Defendant's counsel also said that the "DIFFERENCE" figure in column 11 of Exhibit 15 is the total that could be a tip credit. However, this explanation of Exhibit 15 is not compatible with what

Defendants state in their briefing. In their Motion, Defendants state that Plaintiff received $204.29 above the minimum wage during a two-week pay period. Dkt. No. 90, pg. 18 (Pg. ID 2004). Defendants arrived at this number by including all of Plaintiff's tips for that pay period. *See id.* Then, Defendants use the $204.29 figure to calculate that Plaintiff received compensation above $0.33/mile. *Id.* Defendants also continue to use all of Plaintiff's tips in additional calculations made in their briefing. *Id.* at pg. 25 (Pg. ID 2011) (stating that McFarlin's compensation during a two-week pay period was $444.55, which includes all tips that McFarlin received during the pay period). These calculations by Defendants incorrectly use all of the tips received by Plaintiff during a two-week period. Defendants cannot count all tips toward Plaintiff's salary. At most, Defendants could take the maximum tip credit in order to cover employee expenses. However, as this Court held above, Defendants cannot even take the maximum tip credit because they failed to give adequate notice to their employees. Therefore, the record reflects that Defendants only paid their delivery drivers compensation equal to the exact minimum wage plus the delivery commission each pay period. The minimum wage salary and the driver commission paid to Plaintiff each week was not earning enough to meet the

minimum wage. Plaintiff is entitled to compensation for vehicle expenses that were taken out on behalf of Defendants. [2] *See* 29 C.F.R. § 778.217(a).

Plaintiff has brought sufficient contradictory evidence that supports his claim of underpayment. Defendants cannot rely on their arguments that they can use all tips or use tips in excess of the tip credit to meet minimum wage requirements. Therefore, there is a genuine factual dispute about whether Defendants' pay structure violated minimum wage laws that precludes summary judgment. In conclusion, this Court will not grant Defendants' Motion for Summary Judgment.

## V. CONCLUSION

For the reasons discussed herein, the Court will deny Defendants' Motion for Summary Judgment and grant Plaintiff's Motion for Partial Summary Judgment.

SO ORDERED.

---

[2] Plaintiff and Defendants also disagree about what types of vehicle expenses Defendants are required to reimburse. Defendants disagree with Lauria's $0.33 reimbursement rate to the extent that it includes fixed vehicle costs. Dkt. No. 90, pg. 19–20 (Pg. ID 2005–06). However, for purposes of this Motion Defendants accept the Lauria rate. Defendants have requested this Court to hold that they met the minimum wage requirements assuming a $0.33/mile reimbursement rate. Therefore, this Court need not address the issue of what types of vehicle expenses Defendants are required to reimburse.

Dated:     March 21, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge