UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MCFARLIN, individually and on
behalf of similarly situated persons,

        Plaintiffs,

v.

THE WORD ENTERPRISES, LLC, ET AL.,

        Defendants.

_____/

Case No. 16-cv-12536

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [#128]**

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Strike Defendants' Improper Notices, filed on November 20, 2019. ECF No. 128. Defense Counsel previously submitted a Notice Regarding Status Conference (ECF No. 125) and a Supplement to Notice Regarding Status Conference (ECF No. 126) on November 18, 2019. After reviewing Plaintiff's Motion, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the brief as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, Plaintiff's Motion to Strike [#128] will be DENIED.

1

## II. BACKGROUND

### A. Factual Background

The instant case involves a chain of three Hungry Howie's franchises located in Haslett, Perry, and St. Johns, Michigan.[1] ECF No. 75, PageID.1597. Plaintiff Chad McFarlin filed a complaint against The Word Enterprises, LLC et al. ("Defendants") on July 6, 2016. *See* ECF No. 1. Plaintiff alleged that Defendants paid him below the Federal and Michigan minimum wages during his time as a delivery driver for Hungry Howie's pizza. *Id.* Plaintiff brought the action under the Fair Labor Standards Act, the Michigan Minimum Wage Law, and the Michigan Workforce Opportunity Wage Act ("WOWA") to recover unpaid wages owed to him and similarly situated Hungry Howie's delivery drivers employed by Defendants. *Id.* Defendants filed an answer on August 31, 2016 denying the allegations and asserting affirmative defenses. ECF No. 19.

Plaintiff then filed his First Amended Complaint on September 19, 2017. ECF 75. He alleged that throughout his time as a delivery driver at the Perry franchise, Defendants paid him and similarly situated drivers the exact Michigan minimum

---

[1] The instant case is a companion to another case before this Court, *Graham et al. v. The Word Enterprises Perry, et al.*, case number 18-cv-10167 ("*Graham*"). On January 15, 2018, the Plaintiffs in *Graham* brought their complaint on behalf of themselves and all similarly-situated individuals. *See Graham v. The Word Enterprises Perry, et al.*, 18-10167, ECF No. 1.

wage. *Id.* He also purported that Defendants did not adequately reimburse him and other drivers for vehicle expenses incurred while delivering pizzas. *Id.* at PageID.1598. Therefore, according to Plaintiff, Defendants actually paid Plaintiff and similarly situated drivers below the federal and Michigan minimum wages. *Id.* at PageID.1607, 1610. Defendants continued to deny these allegations.

**B. Status of Plaintiff and Defendants' Settlement**

Plaintiff and Defendants (together, the "Parties") participated in a full-day, private mediation on August 15, 2019 before the Honorable James Rashid. ECF No. 116, PageID.2563. The Parties subsequently filed a Joint Status Report on September 19, 2019. ECF No. 118. The Joint Status Report explained that the Parties reached a settlement in principle, subject to the Court's approval. *Id.* at PageID.2567. The Joint Status Report also included dates for the Parties to meet in order to move forward with their settlement. This Court met with the Parties on September 23, 2019 to discuss the status of their settlement agreement as well as the dates in the Joint Status Report. *See* ECF Nos. 119, 120.

On November 7, 2019, this Court conducted a status conference with the Parties. *See* ECF No. 121. There, the Parties advised the Court that they have been unable to meet the deadlines outlined in their Joint Status Report. This Court addressed the Parties' concerns and proposed a revised case management plan. *See* ECF No. 122, PageID.2579.

On November 14, 2019, this Court conducted a telephonic conference with the Parties to provide an updated status. The Parties advised the Court that they made some progress since their last meeting. ECF No. 124, PageID.2582. They explained that there was still a disagreement as to the specific language and mechanics of the release, however. *Id.* This Court therefore ordered the Parties to meet with each other on Monday, November 18, 2019 at 10:00 a.m. to resolve this disagreement, as well as any other remaining disputes in the language for the Final Settlement Agreement. *Id.* at PageID.2583.

Defendants filed a Notice Regarding Status Conference on November 18, 2019. *See* ECF No. 125. This Notice provided an updated status on the cases' settlement agreement. Specifically, Defendants expressed their concern that the Court was previously misled as to when the class list was due. *Id.* at PageID.2585. Further, this Notice denoted the outstanding dispute concerning the language of the scope of the release. *Id.* at PageID.2586 ("The basic delay in getting the settlement singed is that Plaintiffs attempted to modify the scope of the release to be 50% of what was agreed to."). Defendants also indicated, though, that they were hopeful that this issue was behind the Parties and that they could still meet their deadlines for both the Final Settlement Agreement and the Joint Motion for Preliminary Approval of FLSA Collective and Class Action Settlement. *Id.* at PageID.2586–87.

Defendants also filed a Supplement to Notice Regarding Status Conference later that day. *See* ECF No. 126. In this Notice, Defendants objected to Plaintiff's request to have a court reporter present during the conference on the final settlement language. *Id.* at PageID.2588. The Court advised the Parties soon after that they were to meet and confer in the presence of the court reporter.

Plaintiff now seeks to strike Defendants' Notice Regarding Status Conference (ECF No. 125) and Supplement to Notice Regarding Status Conference (ECF No. 126) (together, the "Notices") from the record. ECF No. 128. Plaintiff argues that Defense Counsel Mr. Patrick Lannen made "several unsupported accusations" and "unprofessional accusations" in these allegedly improper Notices. *Id.* at PageID.2607. Plaintiff further claims that these Notices "serve no other purpose other than distracting [the Court] from the remaining issues in this matter and clouding the record with improper filings." *Id.* Therefore, Plaintiff asks this Court to enter an Order striking the Notices from the record pursuant to Federal Rule of Civil Procedure 12(f). *Id.*

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 12(f); *see also Fox v. Mich. State Police Dep't*, 2006 U.S. App. LEXIS 5019, at *6 (6th Cir. Feb. 24, 2006). The only pleadings that may be struck under Rule 12(f) are enumerated

in Federal Rule of Civil Procedure 7(a). These pleadings include (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) a reply to an answer if a court orders one. Fed. R. Civ. P. 7(a).

Rule 12(f) does not apply to a notice because it is not a "pleading" under Rule 7(a); it therefore provides no mechanism for the Court to strike Defendants' Notices in the instant matter. Other courts within the Sixth Circuit have recognized a district court's limited authority to strike filings under Rule 12(f). *See, e.g., Nokes v. Miami Univ.*, 2017 U.S. Dist. LEXIS 136880, at *23 (S.D. Ohio Aug. 25, 2017); *Maxum Indem. Co. v. Drive W. Ins. Servces*, 2014 U.S. Dist. LEXIS 196740, at *6 (S.D. Ohio June 13, 2014). Plaintiff here should have, instead, challenged the Notices' admissibility by filing a notice of objection to it. *See, e.g.*, *Sutton v. United States SBA*, 92 Fed. Appx. 112 (6th Cir. 2003) (finding that the district court did not abuse its discretion when it denied plaintiffs' motion to strike a challenged affidavit). Accordingly, this Court finds that an Order striking non-pleadings, such as Defendants' Notices here, is not a proper usage of Rule 12(f).

## IV. CONCLUSION

For the reasons articulated above, the Court will DENY Plaintiff's Motion to Strike Defendants' Improper Notices [#128].

IT IS SO ORDERED.

Dated: November 22, 2019

                                        s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 22, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

7