UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARION GRAHAM, and | ) | |
| DANIELLE LAVACS, individually and | ) | |
| on behalf of similarly situated persons, | ) | Case No. 18-10167 |
| | ) | |
| Plaintiffs, | ) | Hon. Gershwin A. Drain |
| | ) | |
| v. | ) | |
| | ) | |
| THE WORD ENTERPRISES-PERRY, | ) | |
| L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAD MCFARLIN, individually and | ) | |
| on behalf of similarly situated persons, | ) | Case No. 16-12536 |
| | ) | |
| Plaintiffs, | ) | Hon. Gershwin A. Drain |
| | ) | |
| v. | ) | |
| | ) | |
| THE WORD ENTERPRISES, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR FINAL APPROVAL OF
COLLECTIVE AND CLASS ACTION SETTLEMENT
AND FOR  ATTORNEY'S FEES AND COSTS**

Plaintiffs Chad McFarlin, Marion Graham, and Danielle Lavacs ("Plaintiffs") and all of the Defendants, through their counsel, respectfully move this Court for an Order:[1]

1.      Granting final approval of the Parties' Settlement Agreement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e) and as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

2.      Finally certifying the following Settlement Class pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for the purposes of settlement:

> All persons who acted as delivery drivers at any time during the Class Period and were reimbursed on a flat per-delivery rate during the Class Period for the following stores owned by some of the Defendants, as applicable. "Class Period" means the period from July 1, 2013 to October 1, 2019 for Class Members who acted as delivery drivers for Hungry Howie's Store Nos. 1000, 1096, 1031, and 468 and the period from January 1, 2015 to October 1, 2019 for Class Members who acted as delivery drivers for Hungry Howie's Store Nos. 51, 63, 84, 570, and 1049.

3.      Approving the Gross Settlement Amount of $650,000.00;

4.      Approving the proposed settlement structure, under which all Eligible Class Members who do not request exclusion from the Settlement will be sent a check for a *pro rata* share of the Gross Settlement Amount;

---

[1] This Motion and accompanying Memorandum of Law incorporate by reference the definitions in the FLSA Collective Settlement Agreement (the "Agreement") and all terms defined therein shall have the same meaning in this Motion and accompanying Memorandum of Law as set forth therein.

5.      Approving Plaintiffs Chad McFarlin, Marion Graham, and Danielle Lavacs as the Representatives of the FLSA Collective and the Rule 23 Class and approving the proposed service awards in the amount of $10,000.00 to Plaintiff Chad McFarlin and $5,000.00 each to Plaintiffs Marion Graham and Danielle Lavacs for their service to the Settlement Class;

6.      Approving Blanchard & Walker, PLLC and Weinhaus & Potashnick as Class Counsel for the Settlement Classes and approving fees in the amount of $216,666.00 and costs of up to $50,000.00, and approving Class Counsel's billable hours and hourly rates as reasonable;

7.      Approving CAC Services Group, LLC as Settlement Administrator and approving settlement administration costs not to exceed $7,000.00;

8.      Finding that dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

9.      Directing that settlement funds be distributed in accordance with the terms of this Settlement Agreement; and

10.     Entering final judgment in this case and dismissing it with prejudice in accordance with the terms of the Settlement Agreement.

This Motion is based on the accompanying Memorandum of Law and the Declarations of David M. Blanchard and Mark Potashnick.

A proposed Order is submitted for the Court's consideration.

Respectfully Submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Blanchard & Walker, PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
Telephone:  (734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

/s/ with consent of Thomas Schramm
Thomas Schramm (P60267)
Starr, Butler, Alexopoulos & Stoner,
PLLC
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 864-4938
tschramm@starrbutler.com

*Attorneys for Defendants Dittrich
Investments II, Inc. & Kevin Dittrich*

/s/ with consent of Mark Potashnick
Mark Potashnick (MO Bar # 41315)
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:  (314) 997-9150
markp@wp-attorneys.com

*Attorneys for Plaintiffs*

/s/ with consent of Patrick C. Lannen
Patrick C. Lannen (P73031)
Kelly J. Shefferly (P83036)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4027
plannen@plunkettcooney.com
kshefferly@plunkettcooney.com

*Attorneys for Def. East Lansing Pizza,
LLC, Holt KD, LLC, Donald Copus,
Defendants The Word Enterprises,
LLC Entities, WAM Foods, Inc., VAC
Foods, Inc., Dominic Carbone and
J&M Foodservice, Inc.*

Dated: March 23, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARION GRAHAM, and | ) | |
| DANIELLE LAVACS, individually and | ) | |
| on behalf of similarly situated persons, | ) | Case No. 18-10167 |
| | ) | |
| Plaintiffs, | ) | Hon. Gershwin A. Drain |
| | ) | |
| v. | ) | |
| | ) | |
| THE WORD ENTERPRISES-PERRY, | ) | |
| L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAD MCFARLIN, individually and | ) | |
| on behalf of similarly situated persons, | ) | Case No. 16-12536 |
| | ) | |
| Plaintiffs, | ) | Hon. Gershwin A. Drain |
| | ) | |
| v. | ) | |
| | ) | |
| THE WORD ENTERPRISES, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR FINAL
APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT
AND APPROVAL OF ATTORNEY'S FEES AND COSTS**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**.............................................................. IV

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ..................... VII

**STATEMENT OF ISSUES PRESENTED** ......................................VIII

**I.   INTRODUCTION** ..............................................................1

**I.   THE TERMS OF THE SETTLEMENT AGREEMENT**............................2

    **A.  Settlement Class Members and Anticipated Settlement Awards** .........2

    **B.  The Notice Provisions in the Settlement Agreement Have Been Satisfied**.............................................................4

    **C.  Administration Following Final Approval**...............................6

**II.  ARGUMENT** ...................................................................7

    **A.  Applicable Legal Standard**.....................................................7

        **1.  *Legal Standard for Final Approval of Rule 23 Class Action Settlement***.....................................................7

        **2.  *Legal Standard for Final Approval of FLSA Settlements***.................8

    **B.  The Terms of the Proposed Settlement are a Fair, Adequate, and Reasonable Resolution of a *Bona Fide* Dispute** ......................9

        **1.  *The Litigation Involves a Bona Fide Dispute*** ......................9

**2.** *The Agreement is Fair and Reasonable Under the UAW v. Gen. Motors Corp. Factors and the Wolinsky Factors* ..............................10

**C.** **The Court Should Finally Certify the Rule 23 Settlement Class Under Fed. R. Civ. P. 23** ..........................................................................16

**D.** **The Service Awards Are Justified and Should Be Approved** ............17

**E.** **Plaintiffs' Counsel Should Be Finally Appointed as Class Counsel** ...18

**F.** **The Notice Provisions Were Followed and Provided Adequate Notice to the Class** ...................................................................19

**G.** **The Attorney's Fees and Costs Provisions of the Settlement Agreement Fairly Compensate Plaintiffs' Counsel for the Time and Expense in Litigating This Matter and Should be Approved** ......20

**1.** *The Attorney's Fees Requested Should be Approved* ......................20

**2.** *Plaintiffs' Counsel's Costs Should be Approved* ..............................23

**III. CONCLUSION** ..............................................................................................24

# TABLE OF AUTHORITIES

## CASES

*Belmont v. Homes of Opportunity, Inc.*, No. CV 18-10854, 2018 U.S. Dist. LEXIS 209920 (E.D. Mich. Dec. 13, 2018)................................................................20

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)..................................................8

*Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 U.S. Dist. LEXIS 71825 (E.D. Mich. May 11, 2017)...............................................................................9

*Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp. 2d 164 (E.D.N.Y. 2012) .......13

*Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199 (2d Cir. 2015).........................9

*Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110 (S.D.N.Y. 1997).............21

*Daoust v. Maru Rest., LLC*, No. 17-cv-13879, 2019 U.S. Dist. LEXIS 111222 (E.D. Mich. July 3, 2019)...........................................................................11

*Gascho v. Global Fitness Holdings, LLC*, 882 F.3d 269 (6th Cir. 2016) ................8

*Hainey v. Parrott*, 617 F. Supp. 2d 668 (S.D. Ohio 2007).....................................15

*Henry v. Little Mint, Inc.*, No. 12-cv-3966, 2014 U.S. Dist. LEXIS 72574 (S.D.N.Y. May 23, 2014)...........................................................................21

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003) ..........15, 23

*In re Packaged Ice Antitrust Litig.*, 322 F.R.D. 276 (E.D. Mich. 2017)................10

*In re Relafen Antitrust Litig.*, 231 F.R.D. 52 (D. Mass. 2005)................................22

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294 (3d Cir. 2005)................................22

*Int'l Union, UAW v. Ford Motor Co.*, Nos. 05-74730, 06-10331, 2006 U.S. Dist. LEXIS 70471 (E.D. Mich. July 13, 2006) ............................................10, 14

*Johnson v. Brennan*, No. 10 Civ. 4712, 2011 U.S. Dist. LEXIS 105775
(S.D.N.Y. Sept. 16, 2011) ............................................................................22

*Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350
(11th Cir. 1982) ............................................................................................9

*Mich. Hosp. Ass'n v. Babcock*, No. 5:89-CV-00070, 1991 U.S. Dist. LEXIS 2058
(W.D. Mich. Feb. 11, 1991) ........................................................................14

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ......................19

*New York State Teachers' Ret. Sys. V. GM Co.*, 315 F.R.D. 226 (E.D. Mich. 2016)
...........................................................................................................12

*Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 U.S. Dist. LEXIS 78222
(N.D. Ohio May 4, 2018) .............................................................................21

*Swigart v. Fifth Third Bank*, 288 F.R.D. 177 (S.D. Ohio 2012) ............................16

*UAW v. Gen. Motors Corp.,* 497 F.3d 615 (6th Cir. 2007). .....................................8

*Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001) ..........................................21

*Wade v. Werner Trucking Co.*, No. 2:10-CV-270, 2014 U.S. Dist. LEXIS 78341
(S.D. Ohio June 5, 2014) .............................................................................23

*Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 U.S. Dist. LEXIS 102173
(E.D. Pa. Sept. 9, 2011 ................................................................................21

*Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 U.S. Dist. LEXIS
9310 (E.D. Mich. Jan. 27, 2016) ...................................................................9

## RULES

FED. R. CIV. P. 23 ...............................................................................7, 16

FED. R. CIV. P. 23(a)...............................................................................15

FED. R. CIV. P. 23(c)……………………………………………………….. 19

FED. R. CIV. P. 23(g)...............................................................................................18

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 U.S. Dist. LEXIS 71825 (E.D. Mich. May 11, 2017)

29 U.S.C. § 216(b)

Fed. R. Civ. P. 23

## STATEMENT OF ISSUES PRESENTED

I.    Whether this Court should approve the Settlement as fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e) and as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act.

        Plaintiffs Answer:        "Yes"
        Defendants Answer:        "Yes"

II.   Whether this Court should approve Class Counsel's attorney's fees and costs as reasonable.

        Plaintiffs Answer:        "Yes"
        Defendants Answer:        "Yes"

## I.   **INTRODUCTION**

This wage and hour lawsuit brought against Defendants The Word Enterprises-Perry, L.L.C., previously known as "The Word Enterprises, L.L.C.", The Word Enterprises-Haslett, L.L.C., The Word Enterprises-Lansing, L.L.C., The Word Enterprises-Owosso, L.L.C., The Word Enterprises-St. Johns, L.L.C., Dittrich Investments II, Inc., WAM Foods, Inc., VAC Foods, Inc., J&M Foodservice, Inc., Kevin Dittrich, Dominic Carbone, East Lansing Pizza, LLC, Holt KD, LLC, and Donald Copus (collectively, "Defendants") has been settled subject to this Court's final approval.

On December 26, 2019, this Court preliminarily approved the Parties' Joint Motion for Certification for Settlement Purposes and Preliminary Approval of Class Action and Collective Action Settlement. ECF No. 142. The Court also certified the Parties' proposed FLSA collective pursuant to 29 U.S.C. § 216(b), preliminarily certified the Parties' proposed Rule 23 Class, preliminarily found that the Rule 23 Class met all prerequisites of FED. R. CIV. P. 23(a) and (b)(3), appointed Named Plaintiffs as Class Representatives on behalf of the FLSA Collective and the Rule 23 Class, appointed Blanchard & Walker, PLLC and Weinhaus & Potashnick as Class Counsel, approved the Parties' Notice of Settlement, and approved CAC Services Group, LLC as the Settlement Administrator and settlement administration costs. *Id.*

The Notice of Settlement has been sent pursuant to the Parties' Settlement Agreement, and the Notice Period is closed. Accordingly, the Parties respectfully request that this Court issue an Order finally approving the Agreement and dismissing this action with prejudice pursuant to the terms of the Agreement.

## I.     THE TERMS OF THE SETTLEMENT AGREEMENT

### A. Settlement Class Members and Anticipated Settlement Awards

The Settlement Agreement includes a Gross Settlement Amount of Six Hundred and Fifty Thousand Dollars and Zero Cents ($650,000.00) for the 400 Eligible Class Members, which includes Plaintiffs, Opt-In Plaintiffs, and all individuals who worked as delivery drivers for Defendants during the Class Period and did not opt out of the Settlement. "Class Period" means the period from July 1, 2013 to October 1, 2019 for Class Members who acted as delivery drivers for Hungry Howie's Store Nos. 1000, 1096, 1031, and 468 and the period from January 1, 2015 to October 1, 2019 for Class Members who acted as delivery drivers for Hungry Howie's Store Nos. 51, 63, 84, 570, and 1049.

The total amount paid by Defendants as part of the settlement (the "Gross Settlement Amount") will be no more than Six Hundred and Fifty Thousand Dollars and Zero Cents ($650,000.00). Ex. 1, Agreement ¶ 12(g). Each Eligible Class Member (i.e., those who did not affirmatively opt-out of the Settlement before the end of the Notice Period) will be sent a check for his or her *pro rata* share of the

Gross Settlement based on his or her respective number of deliveries during the Class Period. Agreement ¶¶ 12(e), 36. Thus, the distribution formula is fair.

The Gross Settlement Amount covers the approximately 626,958 deliveries by the 400 Eligible Class Members, representing approximately 2,507,832 delivery miles by Eligible Class Members. Ex. 2, Declaration of David M. Blanchard ("Blanchard Decl.") ¶ 18. The Gross Settlement Amount, thus, amounts to more than a dollar for every delivery driven on behalf of Defendants during the Class Period, or an additional approximately twenty-six cents ($0.26) of reimbursement for every mile driven on behalf of Defendants during the Class Period. *Id.*[2] After subtracting all fees, costs, and service awards, the Net Settlement Amount provides for additional reimbursement of approximately fifty-six cents ($0.56) per delivery for every delivery driven on behalf of Defendants, or fourteen cents ($0.14) per mile for every mile driven on behalf of Defendants. *Id.* ¶ 19. This rate of reimbursement is a fair settlement of the disputed claims for under-reimbursement of vehicle expenses, where Defendants have disputed class wide liability, while Plaintiffs allege they were reimbursed less than the prevailing IRS rate (at least thirty-four cents ($0.34) per mile less than the prevailing IRS rate). *Id.* ¶ 20.

The anticipated average settlement award for Eligible Class Members is

---

[2] The approximate $0.26 per mile is calculated by dividing the Gross Settlement Amount by the approximate total mileage the Eligible Class Members drove on behalf of Defendants.

$890.83. Ex. 2, Blanchard Decl. ¶ 28.[3] Ninety-eight Eligible Class Members, roughly a quarter of the class, will be sent over $1,000.00, and sixteen Eligible Class Members will be sent over $5,000.00. *Id.* The Gross Settlement Amount also includes service awards to Named Plaintiff Chad McFarlin in the amount of $10,000.00 and in the amount of $5,000.00 each to Named Plaintiffs Marion Graham and Danielle Lavacs in recognition of their initiative, effort, and risk in bringing and prosecuting this matter. Agreement ¶ 19.

### B. The Notice Provisions in the Settlement Agreement Have Been Satisfied

Since the Court granted preliminary approval of the Settlement Agreement on December 26, 2019 (ECF No. 142), the Parties have fully complied with the Notice provisions detailed in the Settlement Agreement. Agreement ¶¶ 30-33; Ex. 3, Declaration of Nancy A. Johnson ("Johnson Decl.") ¶¶ 4-9. Pursuant to the Settlement Agreement, the Parties provided the Settlement Administrator with a mailing list containing the Settlement Class Members' names, last known addresses, e-mail addresses, telephone numbers, and social security numbers. Agreement, ¶ 30; Johnson Decl. ¶ 6. The Parties provided the Settlement Administrator with the reported number of deliveries from the Class Period and the estimated *pro rata* settlement share for each Settlement Class Member. Agreement ¶ 30; Johnson Decl.

---

[3] The average anticipated settlement award is calculated by dividing the anticipated Net Settlement Amount by the number of Eligible Class Members.

¶ 6. To provide the best notice practicable, prior to mailing the Settlement Notice to Settlement Class Members, the Settlement Administrator ran the list of Settlement Class Members (the "Class List") through the United States Postal Service National Change of Address database and performed address searches using public and proprietary electronic resources and updated addresses where necessary. Johnson Decl. ¶ 6(b).

On January 23, 2020, the Settlement Administrator mailed a Notice of Settlement to 395 Settlement Class Members via First Class mail and email, if available. *Id.* ¶ 6(d). On February 6, 2020, the Settlement Administrator sent a Notice of Settlement to six Settlement Class Members who were inadvertently omitted on the original list provided. *Id.* ¶¶ 6(e)-(f). The Notice advised Settlement Class Members that if they do not opt-out of the Settlement and the Court approves the Settlement, they will receive a payment check.  Ex. 3, Johnson Decl. Exhibit 1 - Notice. The Notice also provided the amount of each Settlement Class Member's estimated award. *Id.*

As of March 23, 2020, only eight (8) Notices are classified as undeliverable. *Id.* ¶ 9. The Settlement Administrator attempted to find a forwarding address using an address search, which resulted in seventy-nine (79) new addresses. *Id.* ¶ 9. Class Counsel also provided updated addresses for thirty-one (31) individuals. *Id.* As of March 23, 2020, only one (1) Settlement Class Member requested exclusion from

the settlement and no Class Member has objected to the Settlement or any of its terms. *Id.* ¶¶ 10-11.

### C. Administration Following Final Approval

Pursuant to the Agreement, Class Counsel or the Settlement Administrator will calculate the final *pro rata* share due to each Eligible Class Member within seven days after the Effective Date (i.e., seven days after this Court enters the Final Approval Order) and provide Defendants' Counsel with a copy of the calculated pro-rata settlement distribution amounts. Agreement ¶¶ 12(f), 37. Defendants shall remit the Gross Settlement Amount within fourteen (14) days of receipt of Class Counsel or the Settlement Administrator's report calculating each Eligible Class Member's *pro rata* share. *Id.* ¶ 37. Within fourteen (14) days after receiving settlement funds, the Settlement Administrator will distribute the Gross Settlement Amount. *Id.* ¶ 38.

Settlement Award checks will remain negotiable for one hundred eighty (180) days from the date of issuance. *Id.* ¶ 39. Any proceeds from checks that are uncashed at the end of the 180-day period will be returned to Defendants within thirty (30) days after expiration of the 180-day period. *Id.* ¶ 40.

Subject to and effective upon entry of the Final Approval Order, and as more fully set forth in the Agreement, Plaintiffs and all Eligible Class Members, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge each of the Defendants

and their current and former directors, officers, shareholders, members, owners, partners, trustees, board members, employees, agents, attorneys, spouses, insurers, affiliates, parent corporations, and other associated business entities and their predecessors, successors, assigns, and heirs (the "Released Parties") from any and all claims whether statutory or common law, debts, demands, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, which Named Plaintiffs or Eligible Class Members have, had, or may have against any of the Released Parties, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or which have been, could have been, or in the future might be asserted against Released Parties, that arise out of or relate to subjects raised in the Lawsuits, including but not limited to any and all Fair Labor Standards Act claims and all state law wage and hour claims (the "Released Claims"). *Id.* ¶ 41.

## II.   **ARGUMENT**

The proposed Settlement Agreement satisfies all of the criteria for final approval under federal and state law and is fair, reasonable, and adequate.

### A. Applicable Legal Standard

#### 1. *Legal Standard for Final Approval of Rule 23 Class Action Settlement*

FED. R. CIV. P. 23(e) requires judicial approval for any compromise of claims brought on a class-wide basis. A court may approve a class action settlement if, after

holding a fairness hearing, it finds the settlement to be fair, reasonable, and adequate. *Gascho v. Global Fitness Holdings, LLC*, 882 F.3d 269, 276 (6th Cir. 2016). Courts in the Sixth Circuit approve Rule 23 settlements when the settlement's terms are fair, reasonable, and adequate according to the factors set forth in *UAW v. Gen. Motors Corp.*: "(1) the risk of fraud or collusion; (2) the complexity, expenses and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." 497 F.3d 615, 631 (6th Cir. 2007).

### 2. *Legal Standard for Final Approval of FLSA Settlements*

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C § 216(b). The FLSA's provisions are mandatory and, generally, are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c), or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199, 206

(2d Cir. 2015); *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 U.S. Dist. LEXIS 71825, at *5 (E.D. Mich. May 11, 2017) (Borman, J.) (Ex. 4) (quoting *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 U.S. Dist. LEXIS 9310, at *3 (E.D. Mich. Jan. 27, 2016) (Drain, J.) (internal quotation marks and citations omitted)) (Ex. 5). In determining whether a proposed settlement is fair and reasonable, the court considers several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Id.* (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks and citations omitted).

### B. The Terms of the Proposed Settlement are a Fair, Adequate, and Reasonable Resolution of a *Bona Fide* Dispute

#### 1. *The Litigation Involves a Bona Fide Dispute*

Defendants employed Plaintiffs and others in the Settlement Class to deliver pizza and other food items. *McFarlin* ECF No. 75, ¶ 2; *Graham* ECF No. 46, ¶ 2. Plaintiffs claim that Defendants willfully violated the FLSA and Michigan Minimum Wage Law by reimbursing them at a rate that does not reasonably approximate the amount of the drivers' automobile expenses to such an extent that it diminished their wages below minimum wage (regular wages – unreimbursed vehicle costs = subminimum net wages). *McFarlin* ECF No. 75, ¶¶ 32, 53, 69; *Graham* ECF No. 46, ¶¶ 51, 72, 88. Defendants deny the allegations and deny liability, contending that their rate of reimbursement was adequate and did not violate federal or Michigan Minimum Wage Law. Agreement ¶ 3. Accordingly, a *bona fide* dispute exists.

### 2. *The Agreement is Fair and Reasonable Under the UAW v. Gen. Motors Corp. Factors and the Wolinsky Factors*

#### a. There Was No Fraud or Collusion Behind the Settlement

"Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." *In re Packaged Ice Antitrust Litig.*, 322 F.R.D. 276, 291 (E.D. Mich. 2017) (Borman, J.) (quoting *Int'l Union, UAW v. Ford Motor Co. ("Ford Motor")*, Nos. 05-74730, 06-10331, 2006 U.S. Dist. LEXIS 70471, at *74 (E.D. Mich. July 13, 2006) (Borman, J.)(Ex. 6). Neither party has alleged fraud or collusion; instead, the Settlement came only after an adversarial litigation process in two cases, which were

10

eventually consolidated. It is the product of extensive arm's-length negotiations that were facilitated by an experienced mediator over the course of months, including a day-long mediation session, numerous telephone calls, and various written submissions to the mediator. Agreement ¶ 5. Accordingly, this factor favors settlement approval.

### b. Litigation Through Trial Would Be Complex, Costly, and Long

By reaching a settlement prior to additional dispositive motions or trial, Plaintiffs avoid significant expense and delay and ensure recovery for the Class Members. "Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming." *Daoust v. Maru Rest., LLC*, No. 17-cv-13879, 2019 U.S. Dist. LEXIS 111222, at *5 (E.D. Mich. July 3, 2019) (Berg, J.)(Ex. 7). In *Daoust*, the Court found that this factor favored final approval of the settlement when the parties would have engaged in "complex, costly and protracted wrangling" absent the settlement, and the settlement "provide[d] substantial relief to Representative Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economics of class resolution." *Id.*

In this case, the Parties had substantive disputes about key issues including (1) whether Defendants' reimbursement rates were adequate to cover pizza delivery drivers' automobile expenses; (2) whether Defendants operated as a joint or single enterprise; (3) whether arbitration agreements applied to many of the pizza delivery

drivers; (4) whether collective and class action treatment of Plaintiffs' claims was appropriate; (5) whether Defendants' reimbursement system might be found to have been implemented or administered in good faith; and (6) whether any violation might be considered willful. Blanchard Decl. ¶ 15. Absent a settlement, substantial additional motion practice and discovery would be required. *Id.* at ¶¶ 16, 24-25. For at least about a quarter of the class, this matter would have had to be pursued in individual arbitration. *Id.* at ¶ 15. After completing discovery, the Parties would likely move for summary judgment on numerous issues, including the legality of Defendants' reimbursement system. *Id.* at ¶¶ 24-25. If the Court determined that factual and legal disputes precluded summary judgment, a fact-intensive trial would be necessary. *Id.* at ¶ 25. Any judgment would likely be appealed, further extending the litigation. *Id.* This Settlement, instead, provides significant relief to Class Members in a prompt and efficient manner. Accordingly, this factor supports approval.

### c. The Parties Reached Settlement After Exchange of Significant Discovery and Negotiation

"The relevant inquiry with respect to this factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *New York State Teachers' Ret. Sys. V. GM Co.*, 315 F.R.D. 226, 236 (E.D. Mich. 2016) (Parker, J.). The Settlement here is the result of adversarial litigation and extensive factual

discovery, including the exchange of thousands of pages of documents, and arm's-length negotiations. Blanchard Decl. ¶ 10. Those disclosures include the critical pay, delivery, mileage, and reimbursement data needed to evaluate liability and calculate damages. *Id.* The Parties deposed several individuals, including Plaintiff Chad McFarlin, Defendants Kevin Dittrich and Dominic Carbone, and Defendants' corporate designees pursuant to Rule 30(b)(6). *Id.* The Parties participated in a full-day, in-person mediation session conducted by an experienced mediator and engaged in extensive negotiations following that session, later followed by another day of in-person mediation. *Id.* at ¶ 13. The Agreement was negotiated by competent and experienced counsel for the Parties. *Id.* at ¶ 14. The Parties reached the agreement through arm's-length negotiation and took into account all relevant factors. Agreement ¶ 57. Accordingly, this factor supports approval.

### d. Likelihood of Success on the Merits and Range of Possible Recovery

In evaluating this factor, Courts must balance the likelihood of success on the merits against the relief in the Settlement. *New York State Teachers' Ret. Sys.*, 315 F.R.D. at 237. "The determination of a reasonable settlement is not susceptible to a mathematical equation yielding a particularized sum, but turns on whether the settlement falls within a range of reasonableness." *Id.* (quoting *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp. 2d 164, 174 (E.D.N.Y. 2012) (internal quotation marks omitted)).

13

In this case, the Parties had substantive disputes about key issues in the case, including: (1) whether Defendants' reimbursement rates were adequate to cover Plaintiffs' and other pizza delivery drivers' automobile expenses; (2) whether tips earned by delivery drivers offset reimbursement deficits; (3) whether Defendants operated as a joint or single enterprise; (4) whether the individual Defendants may be held liable; (5) whether arbitration agreements applied to some pizza delivery drivers; (6) whether collective and class action treatment of Plaintiffs' claims was appropriate; (7) whether Defendants' reimbursement system might be found to have been implemented or administered in good faith; and (8) whether any violation might not be considered willful. Blanchard Decl. ¶ 15. Any rulings on these issues could have a significant impact on liability and the calculation of damages. *Id.* Accordingly, this factor supports approval.

### e.  Opinions of Class Counsel and Class Representatives

"It is well recognized that the [C]ourt should defer to the judgment of experienced counsel who has competently evaluated the strength of the proofs." *Ford Motor*, 2006 U.S. Dist. LEXIS at *72 (quoting *Mich. Hosp. Ass'n v. Babcock*, No. 5:89-CV-00070, 1991 U.S. Dist. LEXIS 2058, at *6 (W.D. Mich. Feb. 11, 1991))(Exs. 6 and 8). Here, the Parties were represented by experienced counsel who believe the settlement is fair and reasonable. Blanchard Decl. ¶¶ 1-13; Ex. 9, Declaration of Mark Potashnick ("Potashnick Decl.") ¶¶ 1-11; Agreement ¶ 57. The

14

Settlement was negotiated based on factual discovery, a substantial investigation, and the review and analysis of pay, delivery, mileage, and reimbursement data produced by Defendants. Blanchard Decl. ¶ 10. Further, all Named Plaintiffs signed the Settlement Agreement after having the opportunity to review. Accordingly, this factor supports approval.

### f. Absent Class Members Reacted Positively to the Settlement

In this case, only one individual requested to opt out of the settlement and no class member asserted any objection to the Settlement Agreement or any of its terms. Johnson Decl. ¶ 10. Accordingly, this demonstrates positive reception of the Settlement and supports approval.

### g. The Public Interest Favors Settlement Approval

Settlement of class action lawsuits is generally in the interest of public policy. *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007); *see also In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (Edmunds, J.) ("[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources."). In this case, settlement is in the interest of public policy. The Settlement provides relief to 400 Eligible Class Members, avoids utilizing additional judicial resources, and avoids further litigation in a complex case. Accordingly, this factor supports approval.

### C. The Court Should Finally Certify the Rule 23 Settlement Class Under FED. R. CIV. P. 23

FED. R. CIV. P. 23 establishes a two-step analysis to determine whether class certification is appropriate: the moving party must first satisfy the four prerequisites of FED. R. CIV. P. 23(a), then the action must satisfy at least one of three subparts of FED. R. CIV. P. 23(b). *See* FED. R. CIV. P. 23(a), (b); *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 182 (S.D. Ohio 2012). The four prerequisites are known as "numerosity, commonality, typicality, and adequacy of representatives." *Swigart*, 288 F.R.D. at 182. Then, FED. R. CIV. P. 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

The Parties incorporate their analysis from their Joint Motion for Certification for Settlement Purposes and for Preliminary Approval of Collective and Class Action Settlement regarding the prerequisites to establish a class under FED. R. CIV. P. 23. (ECF No. 137 at 18-24). On December 26, 2019, this Court found that for settlement purposes the proposed Rule 23 class met all prerequisites of FED. R. CIV. P. 23(a) and (b)(3). (ECF No. 142 at 6). In the Settlement, the Parties agreed that, for settlement purposes, the requisites for establishing class certification under FED. R. CIV. P. 23(a) and (b) were met with respect to the Settlement Class. Agreement ¶

10. In this case, 401 Settlement Class Members received the Notice of Settlement. Johnson Decl. ¶¶ 6(d), (f). Only one individual opted out of the Settlement and no Class Member objected to any term of the Settlement. *Id.* ¶¶ 10-11. Accordingly, the Parties request that this Court finally certify the Rule 23 class for settlement purposes only.

### D. The Service Awards Are Justified and Should Be Approved

Courts have routinely approved service award payments in class action settlements as a way of compensating class representatives for lending their names, reputations, and efforts to the prosecution of litigation on behalf of themselves along with others, and to promote class settlements while encouraging plaintiffs to act as "private attorneys general" in the enforcement of state and federal law. The Parties incorporate their legal analysis from their Joint Motion for Certification for Settlement Purposes and for Preliminary Approval of Collective and Class Action Settlement regarding the propriety of service awards to class representatives. (ECF No. 137 at 16-18).

In this case, Named Plaintiffs brought this action on behalf of other delivery drivers who worked for Defendants. They provided significant assistance to Plaintiffs' Counsel as they drafted the Complaint, reviewed Defendants' data and document production, and prepared for mediation. Plaintiff McFarlin has had the most significant involvement in this case, including being deposed. As such, the

modest incentive awards of $10,000.00 to McFarlin and $5,000.00 each to Graham and Lavacs fairly recognize the services that they performed in advancing the Settlement Class's interests and the time that they dedicated to the lawsuit. This amount is consistent with service awards that have been approved in similar cases and should be approved here.

### E. Plaintiffs' Counsel Should Be Finally Appointed as Class Counsel

Plaintiffs' Counsel should be appointed as Class Counsel. FED. R. CIV. P. 23(g) governs the standards and framework for appointing class counsel for a certified class, and sets forth the criteria a district court must consider in evaluating the adequacy of proposed counsel:

> (1)   the work counsel has done in identifying or investigating potential claims in the action;
> (2)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3)   counsel's knowledge of the applicable law; and
> (4)   the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). The Advisory Committee has noted that "[n]o single factor should necessarily be determinative in a given case." FED. R. CIV. P. 23(g) advisory committee's note.

Plaintiffs' Counsel satisfy these criteria. They have done substantial work identifying, investigating, arguing, negotiating, and settling Plaintiffs' and Class

Members' claims. Blanchard Decl. ¶¶ 1-35; Potashnick Decl. ¶¶ 1-12. Plaintiffs' Counsel has substantial experience prosecuting and settling employment class actions, including class and collective actions involving minimum wage claims arising out of unreimbursed vehicle expenses. Blanchard Decl. ¶¶ 1-13; Potashnick Decl. ¶ 1-11. Further, Courts have repeatedly found Plaintiffs' Counsel to be adequate class counsel in wage and hour class actions. Blanchard Decl. ¶¶ 1-13; Potashnick Decl. ¶¶ 1-11. Accordingly, Plaintiffs' Counsel should be appointed as Class Counsel.

### F. The Notice Provisions Were Followed and Provided Adequate Notice to the Class

The Supreme Court has held that notice of a class action settlement must be "reasonably calculated, under all the circumstances, to apprise interested Parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Notice and manner of distribution negotiated by the Parties was "the best notice practicable," as required under FED. R. CIV. P. 23(c)(2)(B), and related FLSA case law. All Settlement Class Members were identified in a class list prepared by Defendants, and the Notice was mailed to the last known address to each Class Member and emailed to each Class Member for whom Defendants provided email addresses. Johnson Decl. ¶ 6. All Eligible Class Members will receive a Settlement Award if the Settlement is approved. Agreement ¶ 36.

The Notice is clear and straightforward and provided information on the terms and provisions of the Settlement Agreement, including the allocation method, the anticipated *pro rata* share to compensate Settlement Class Members for unreimbursed vehicle expenses, the scope of the release, the request for attorney's fees and costs, and their right to object or opt out of the Settlement, or contest their settlement shares. Johnson Decl. Ex. 1, Notice. After receiving the Notice, only one Settlement Class Member opted out of the Settlement and no Class Member objected. Johnson Decl. ¶¶ 10-11. This factor supports approval of the Settlement.

### G. The Attorney's Fees and Costs Provisions of the Settlement Agreement Fairly Compensate Plaintiffs' Counsel for the Time and Expense in Litigating This Matter and Should be Approved

#### 1. *The Attorney's Fees Requested Should be Approved*

The FLSA allows for a plaintiff to recover his or her attorney's fees and expenses. *See* 29 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount." *Belmont v. Homes of Opportunity, Inc.*, No. CV 18-10854, 2018 U.S. Dist. LEXIS 209920, at *2 (E.D. Mich. Dec. 13, 2018) (Parker, J.) (citing *Wolinsky*, 900 F. Supp. 2d at 336) (Ex. 10). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that

'the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

Counsel are seeking only a fraction of the actual attorney fees incurred prosecuting this matter. The Settlement Agreement provides for the payment of Plaintiffs' attorney's fees of up to Two Hundred and Sixteen Thousand Six Hundred Sixty-Six Dollars ($216,666.00), or approximately one-third of the Gross Settlement Amount. Courts in the Sixth Circuit and from around the country have awarded similar percentage fees in other class and collective action cases. *See e.g.*, *Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) (approving the plaintiffs' request for one-third of the common settlement fund) (Ex. 11).[4] Fees within this range are "presumptively reasonable." *Vaszlavik v. Storage Tech. Corp.*, No. 95-V-2525, 2000 U.S. Dist. LEXIS 21140, at *11 (D. Colo. Mar. 9, 2000) (Ex. 12).

---

[4] *See also Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (noting fee awards generally ranging from 35% to 40% are common in cases taken on a contingent fee basis); *Henry v. Little Mint, Inc.*, No. 12-cv-3966, 2014 U.S. Dist. LEXIS 72574, at *40-41 (S.D.N.Y. May 23, 2014) (noting that request for fees "in line with decisions from across the country that have awarded one-third or more in wage-and-hour settlements" and citing cases) (Ex. 13); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 U.S. Dist. LEXIS 102173, at *31-32 (E.D. Pa. Sept. 9, 2011) (noting that a study of class action fee awards within the Third Circuit found that average attorney's fees percentage in such cases was 31.71% and median award was 33.3%) (Ex. 14).

In litigating this case, Plaintiffs' Counsel have collectively spent approximately 1,390 hours advocating on behalf of Plaintiffs and the Settlement Class. Blanchard Decl. ¶¶ 36-44; Potashnick Decl. ¶ 13. These hours result in a lodestar of approximately $476,041.00, which corresponds to a multiplier of approximately 0.455. *See* Blanchard Decl. ¶ 44.[5]

Furthermore, any multiplier analysis of Plaintiffs' Counsel will only diminish further over time as Plaintiffs' Counsel spends additional time on this litigation in connection with implementing and monitoring the Agreement and payments. Among other things, Plaintiffs' Counsel will work with Defendants and the Settlement Administrator to finalize Settlement Awards and distribution and respond to inquiries from Settlement Class Members. *Id.*

Additionally, an evaluation of the complexity and duration supports the requested fee. In this case, Plaintiffs and Defendants agree that there are numerous disputed issues of fact and law, including whether Plaintiffs and the delivery drivers were adequately reimbursed; whether Defendants' alleged violations were willful;

---

[5] Courts routinely apply a multiplier to the lodestar in class action settlements. *See Johnson v. Brennan*, No. 10 Civ. 4712, 2011 U.S. Dist. LEXIS 105775, at *37-38 (S.D.N.Y. Sept. 16, 2011) (noting that "[c]ourts routinely award counsel two to three times lodestar in class action settlements" and collecting cases) (Ex. 15); *see also In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 298-99, 303-04 (3d Cir. 2005) (finding no abuse of discretion where district court approved attorney's fees with a "fairly common" lodestar multiplier of 4.07 despite objection that lodestar multiplier could not be above 3).

and whether class and collective action treatment could be achieved and maintained. *Id.* ¶ 15. Because Defendants had potential legal and factual defenses to Plaintiffs' claims, a verdict for Defendants was possible. *Id.* Because both trial and judicial review are unpredictable and could adversely affect the scope of an ultimate recovery, if not the recovery itself, the award is reasonable. Plaintiffs' Counsel accepted these risks, diligently prosecuted the case, and negotiated a beneficial recovery for the Settlement Class that equates to an improved vehicle expense reimbursement rate. *Id.* ¶¶ 33-34. Accordingly, Plaintiffs' request for attorney's fees of $216,666.00 is reasonable.

## 2. *Plaintiffs' Counsel's Costs Should be Approved*

In addition to its provision for reasonable attorney's fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b). Thus, awards of reasonable out-of-pocket costs incurred by Plaintiffs' Counsel are routinely approved by courts as part of FLSA settlements. *See, e.g., Wade v. Werner Trucking Co*., No. 2:10-CV-270, 2014 U.S. Dist. LEXIS 78341, at *4-5 (S.D. Ohio June 5, 2014) (Ex. 16). Moreover, "under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem,* 218 F.R.D. at 535.

Plaintiffs' Counsel request an award of up to $50,000.00 for the costs they have incurred in pursuit of the claims of Plaintiffs, Opt-In Plaintiffs, and the Settlement Class and any costs they incur after this Court finally approves this Settlement. Agreement ¶ 19. To date, Plaintiffs' Counsel have incurred significant costs, totaling $45,290.55, including costs incurred in deposing witnesses, disseminating notices, attending numerous hearings, processing voluminous data produced by Defendants, computer mapping deliveries, obtaining an expert report, and mediating.  Blanchard Decl. ¶¶ 50-52; Potashnick Decl. ¶ 17. These expenses were reasonable and necessary for the successful prosecution of this case.

## III.   CONCLUSION

For the reasons set forth above, the Parties respectfully request that this Court issue an order: (1) finally approving the settlement and its terms as fair, reasonable, and adequate; (2) finally certifying the Rule 23 class for settlement purposes only; (3) finally approving Named Plaintiffs McFarlin, Graham, and Lavacs as class representatives and approving the proposed service awards in the amount of $10,000.00 to Mr. McFarlin and $5,000.00 each to Ms. Graham and Ms. Lavacs; (4) finally approving Blanchard & Walker, PLLC and Weinhaus & Potashnick as Class Counsel for the Settlement Class and approving fees in the amount of $216,666.00 and costs of up to $50,000.00; (5) finally approving CAC Services, LLC as Settlement Administrator and settlement administration costs of up to $7,000.00; (6)

finding that dissemination of the Notice of Settlement was accomplished as directed and met the requirements of due process; (6) directing the settlement funds be distributed in accordance with the terms of the Settlement Agreement; and (7) entering final judgment in this case and dismissing it with prejudice in accordance with the terms of the Settlement.

Respectfully Submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Blanchard & Walker, PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
Telephone:  (734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

*Attorneys for Plaintiffs*

/s/ with consent of Mark Potashnick
Mark Potashnick (MO Bar # 41315)
Weinhaus & Potashnick
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone:  (314) 997-9150
markp@wp-attorneys.com

*Attorneys for Plaintiffs*

/s/ with consent of Thomas Schramm
Thomas Schramm (P60267)
Starr, Butler, Alexopoulos & Stoner, PLLC
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 864-4938
tschramm@starrbutler.com

*Attorneys for Defendants Dittrich Investments II, Inc. & Kevin Dittrich*

/s/ with consent of Patrick C. Lannen
Patrick C. Lannen (P73031)
Kelly J. Shefferly (P83036)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4027
plannen@plunkettcooney.com
kshefferly@plunkettcooney.com

*Attorneys for Def. East Lansing Pizza, LLC, Holt KD, LLC, Donald Copus, Defendants The Word Enterprises, LLC Entities, WAM Foods, Inc., VAC Foods, Inc., Dominic Carbone and J&M Foodservice, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2020, my paralegal, Natalie M. Walter, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Blanchard & Walker PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com