UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MCFARLIN, individually and on behalf of similarly situated persons,

Plaintiffs,

v.

THE WORD ENTERPRISES, LLC, ET AL.,

Defendants.

Case No. 16-cv-12536

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

MARION LEA GRAHAM, ET AL., individually and on behalf of similarly situated persons,

Plaintiffs,

v.

THE WORD ENTERPRISES, LLC, ET AL.,

Defendants.

Case No. 18-cv-10167

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

**ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS [#144]**

The instant matter involves two consolidated class and collective wage and hour actions brought by Plaintiffs Chad McFarlin, Marion Graham, and Danielle

1

Lavacs (together, the "Plaintiffs) against Defendants The Word Enterprises-Perry, L.L.C., previously known as "The Word Enterprises, L.L.C."; The Word Enterprises-Haslett, L.L.C.; The Word Enterprises-Lansing, L.L.C.; The Word Enterprises-Owosso, L.L.C.; The Word Enterprises-St. Johns, L.L.C.; Dittrich Investments II, Inc.; WAM Foods, Inc.; VAC Foods, Inc.; J&M Foodservices Inc.; Kevin Dittrich; Dominic Carbone; East Lansing Pizza, LLC; Holt KD, LLC; and Donald Copus (collectively, the "Defendants").

On July 6, 2016, Plaintiff Chad McFarlin filed a Class and Collective Action Complaint in this Court alleging that certain Defendants violated the minimum wage requirements of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Michigan Minimum Wage Law by failing to adequately reimburse delivery drivers for various expenses. *See* ECF No. 1.

On January 15, 2018, Plaintiffs Marion Graham and Danielle Lavacs filed a Class and Collective Action Complaint in this Court alleging that Defendants violated the minimum wage requirements of the federal FLSA, 29 U.S.C. § 201 *et seq*. and the Michigan Wage Law by failing to adequately reimburse delivery drivers for various expenses. *Graham v. The Word Enterprises Perry, et al.*, 18-10167, ECF No. 1.

On November 25, 2019, this Court ordered these two actions to be consolidated. ECF No. 133.[1]

After considerable negotiations, including a full-day, in-person mediation session before the Honorable James J. Rashid (Ret.) on December 14, 2019 and additional negotiations thereafter, Plaintiffs and Defendants (together, the "Parties") reached a proposed collective action settlement of this matter. ECF No. 137, PageID.2700–01. On December 18, 2019, and in accordance with the Settlement Agreement, the Parties presented the Settlement of the Action to the Court for Preliminary Approval, pursuant to Federal Rule of Civil Procedure 23. *See* ECF No. 137-2.

The Court entered an Order granting the Parties' Joint Motion for Certification for Settlement Purposes and Preliminary Approval of Class Action and Collective Action Settlement on December 26, 2019. ECF No. 142. The Court also certified the Parties' proposed FLSA collective pursuant to 29 U.S.C. § 216(b); preliminarily certified the Parties' proposed Rule 23 Class; preliminarily found that the Rule 23 Class met all prerequisites of Fed. R. Civ. P. 23(a) and (b)(3); appointed Named Plaintiffs as Class Representatives on behalf of the FLSA Collective and the Rule 23 Class; appointed Blanchard & Walker, PLLC and Weinhaus & Potashnick as

---

[1] This Court will cite to the docket entry numbers for *McFarlin v. The World Enterprises Perry, et al.*, 16-cv-12536, for the remainder of this Order.

Class Counsel; approved the Parties' Notice of Settlement; and approved CAC Services Group, LLC as the Settlement Administrator and settlement administration costs. *Id.*

Presently before the Court is the Parties' Joint Motion for Final Approval of Collective and Class Action Settlement and for Attorneys' Fees and Costs [#144]. The Court has considered the Settlement Agreement, the Joint Motion, and attached declarations. A hearing on the Parties' Joint Motion was held on May 22, 2020. Finding that the Parties have met all requirements under the law, IT IS HEREBY ORDERED that the Court will GRANT the Parties' Joint Motion.

IT IS FURTHER ORDERED as follows:

1. This Order incorporates by reference the definitions in the FLSA Collective Settlement Agreement (the "Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein.

2. The Parties' Settlement Agreement is hereby approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e); and a fair, equitable, and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act ("FLSA").

3. For settlement purposes only, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b):

>All persons who acted as delivery drivers at any time during the Class Period and were reimbursed on a flat per-delivery rate during the Class Period for the following stores owned by some of the Defendants, as applicable. "Class Period" means the period from July 1, 2013 to October 1, 2019 for Class Members who acted as delivery drivers for Hungry Howie's Store Nos. 1000, 1096, 1031, and 468 and the period from January 1, 2015 to October 1, 2019 for Class Members who acted as delivery drivers for Hungry Howie's Store Nos. 51, 63, 84, 570, and 1049.

4. The Gross Settlement Amount of $650,000.00 is approved.

5. The proposed settlement structure, under which all Eligible Class Members who do not request exclusion from the Settlement will be sent a check for his or her *pro rata* share of the Gross Settlement Amount, is approved.

6. Plaintiffs Chad McFarlin, Marion Graham, and Danielle Lavacs are approved as Representatives of the FLSA Collective and the Rule 23 Class, and the proposed service awards in the amount of $10,000.00 to Plaintiff Chad McFarlin and $5,000.00 each to Plaintiffs Marion Graham and Danielle Lavacs for their service to the Settlement Collective are approved.

7. Blanchard & Walker, PLLC and Weinhaus & Potashnick are approved as Class Counsel, and Plaintiffs' unopposed request for attorneys' fees in the amount of $216,666.00 and costs of up to $50,000.00 are approved. Class Counsel's billable hours and hourly rates are reasonable and appropriate for attorneys of their caliber and experience.

8.  CAC Services, Inc. is approved as Settlement Administrator, and settlement administration costs not to exceed $7,000.00 are approved.

9.  The Court finds that dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process.

10. The Court directs that the settlement funds be distributed in accordance with the terms of the Settlement Agreement.

11. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. The Court finds that there is no reason to delay entry of a Final Judgment. Accordingly, the Clerk of the Court is ordered to enter a Final Judgment forthwith pursuant to Fed. R. Civ. P. 54(b).

12. Without affecting the finality of the Final Judgment, the Court reserves exclusive and continuing jurisdiction over this action, the Named Plaintiffs, and the FLSA Collective and Rule 23 Class for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

IT IS SO ORDERED.

Dated:   May 27, 2020

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 27, 2020, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager